**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAREMONT CORPORATION, <u>et al.</u>,[1] | Case No. 19-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE FILING OF A LIST OF (A) THE TWENTY-FIVE LAW
FIRMS REPRESENTING THE LARGEST NUMBERS OF ASBESTOS PLAINTIFFS
ASSERTING CLAIMS AGAINST THE DEBTORS AND (B) THE UNSECURED
CREDITORS OF THE DEBTORS, (II) AUTHORIZING THE LISTING OF
ADDRESSES OF COUNSEL FOR ASBESTOS CLAIMANTS IN CREDITOR MATRIX
IN LIEU OF CLAIMANTS' ADDRESSES, (III) APPROVING NOTICE PROCEDURES
<u>FOR SUCH CLAIMANTS, AND (IV) GRANTING RELATED RELIEF</u>**

Maremont Corporation ("<u>Maremont</u>") and its affiliated debtors and debtors in possession

(collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"),

submit this motion (this "<u>Motion</u>") pursuant to section 105(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and rules 1007(a) and (d) and 2002(m)

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order

(the "<u>Proposed Order</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) authorizing

the Debtors to file (a) a single consolidated list of the twenty-five (25) law firms representing the

largest numbers of asbestos plaintiffs asserting claims against the Debtors (the "<u>Top Asbestos</u>

<u>Counsel List</u>") and (b) a single consolidated list of creditors holding unsecured claims against the

Debtors other than asbestos-related claims (the "<u>Unsecured Creditors List</u>"), in lieu of a list of

the holders of the twenty largest unsecured claims for each Debtor, (ii) authorizing the Debtors to

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc. (9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation) (9286). The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road, Troy, MI 48084.

list the addresses of counsel for asbestos claimants in the creditor matrix in lieu of such claimants' addresses, (iii) approving notice procedures for asbestos claimants, and (iv) granting related relief.   In support of this Motion, the Debtors submit the *Declaration of Carl D. Anderson, II in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference.[2]  In further support of the Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of the Chapter 11 Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Plan, as applicable.

connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other bases for the relief requested in this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007(a) and (d) and 2002(m).

## BACKGROUND OF THE DEBTORS

5.      Additional information regarding the Debtors' businesses, corporate history, capital structure and the circumstances preceding the Petition Date is set forth in the First Day Declaration and the Disclosure Statement (as defined below).

## THE DEBTORS' PREPACKAGED PLAN OF REORGANIZATION

6.      Concurrently with this Motion, the Debtors have filed a joint prepackaged chapter 11 plan of reorganization (the "Plan") and a related disclosure statement (the "Disclosure Statement").  The Debtors have also filed a motion to schedule a combined hearing for the Court to consider approval of the Disclosure Statement and confirmation of the Plan.

7.      Beginning in mid-2017, Maremont initiated a process to resolve all existing and future asbestos-related personal injury and wrongful death claims stemming from its historical use of asbestos in certain of its friction and exhaust products (as defined in the Plan, the "Asbestos Personal Injury Claims").  Maremont first engaged restructuring and valuation advisors and conducted extensive internal diligence regarding its business, litigation, and corporate history.  Maremont then selected the Future Claimants' Representative, a fiduciary and representative of future claimants, and provided information and engaged in preliminary discussions with the Future Claimants' Representative and his advisors.  After these initial discussions about the terms of a potential pre-negotiated plan of reorganization that would

establish an asbestos trust under section 524(g) of the Bankruptcy Code (the "Asbestos Personal Injury Trust"), an Asbestos Claimants Committee was assembled to represent the interests of current claimants.  After further good-faith negotiations with both creditor constituencies, as well as with Meritor, Inc. ("Meritor"), the non-debtor direct or indirect parent company of each of the Debtors, the parties agreed on the terms of the Meritor settlement and Maremont contribution to the Asbestos Personal Injury Trust embodied in the Debtors' prepackaged Plan.

8.      The Plan channels all Asbestos Personal Injury Claims to the Asbestos Personal Injury Trust (the "Asbestos Personal Injury Channeling Injunction"), and such claims will be paid from the assets of the trust.  In exchange for certain protections afforded under the Plan, including the Asbestos Personal Injury Channeling Injunction, Maremont and Meritor (on behalf of itself and certain other Non-Debtor Affiliates) will make substantial contributions to the Asbestos Personal Injury Trust.  The total Asbestos Personal Injury Trust assets will be valued, in the aggregate, in the range of $58–65 million, and include cash, insurance coverage and receivables, and all of the equity in Reorganized Maremont, which will own and operate commercial real estate.  The Asbestos Personal Injury Trust will resolve Asbestos Personal Injury Claims asserted by current and future Holders of Asbestos Personal Injury Claims in accordance with the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures.

9.      Holders of Class 4 Asbestos Personal Injury Claims under the Plan were the only class of creditors or interest holders entitled to vote under the Plan and such Holders that voted on the Plan voted unanimously to accept the Plan.  The Plan leaves all other Classes of non-insider Claims Unimpaired.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request authority from the Court to (i) file (a) the Top Asbestos Counsel List, consisting of a single consolidated list of the twenty-five (25) law firms representing the largest numbers of asbestos plaintiffs asserting claims against the Debtors, and (b) the Unsecured Creditors List, containing a single consolidated list of creditors holding unsecured claims against the Debtors other than asbestos-related claims, in lieu of a list of the holders of the twenty largest unsecured claims for each Debtor, (ii) list the addresses of known counsel of record for claimants who have asserted asbestos claims against any of the Debtors, in lieu of the addresses of the claimants themselves, on the Debtors' creditor matrix, and (iii) implement a procedure by which the Debtors' claims and noticing agent approved by the Court (the "Claims and Noticing Agent") shall send required notices, mailings and other communications related to the Chapter 11 Cases to such known counsel of record for asbestos claimants in lieu of sending such communications to the claimants themselves.

## BASIS FOR RELIEF

### I.      List of Twenty-five Largest Asbestos Plaintiff Firms and Unsecured Creditors List

11.     Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the twenty largest unsecured claims in the debtor's case (the "Top Twenty List"). The Top Twenty List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors that may be appointed in the debtor's case under section 1102 of the Bankruptcy Code. See, e.g., In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to

identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."); 9 Collier on Bankruptcy ¶ 1007.05 (15th ed. 2001, rev. 2009) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

12.     As detailed more fully in the First Day Declaration, Maremont and its Debtor affiliate Maremont Exhaust Products, Inc. have collectively been subject to thousands of personal injury and wrongful death claims asserting that they are liable for damages caused by exposure to asbestos-containing products that Maremont or its predecessor(s) or certain successors-in-interest allegedly used, sold, manufactured, marketed, produced or distributed or that were allegedly present in its manufacturing facilities.  As of December 31, 2018, there were approximately 13,000 pending personal injury and wrongful death lawsuits against the Debtors asserting liability resulting from exposure to asbestos-containing products that were allegedly manufactured, distributed, and/or sold by the Debtors (the "Maremont Asbestos Lawsuits"), of which approximately 1,900 are considered by the Debtors to be active.  See First Day Decl. ¶ 13. The Top Asbestos Counsel List is based on the number of open and active claims.  Nearly all of the Debtors' known contingent creditors are claimants in the Maremont Asbestos Lawsuits, as the only known Claims against the Debtors as of the Petition Date other than Asbestos Personal Injury Claims are (i) the Intercompany Payables, (ii) certain Environmental Claims, and (iii) certain Claims of the Delaware taxing authorities.[3]  Id. ¶ 52.  During the course of the Chapter 11 Cases, the Debtors plan to seek confirmation of the Plan, which addresses these asbestos-related claims.

---

[3] Although there are very few unsecured creditors other than asbestos-related claimants in the Chapter 11 Cases, First Day Decl. ¶ 52, all of the Debtors' other known creditors are listed on the Unsecured Creditors List, which is discussed in greater detail below.

13.     Because virtually all of the asbestos claimants hold unliquidated claims against the Debtors, it would be impossible to determine which individual asbestos claimants hold the largest unsecured claims in the Chapter 11 Cases.  First Day Decl. ¶ 53.  It is extremely rare for asbestos plaintiffs to assert a damages amount in their complaints, and thus there is no means for Maremont to accurately determine which of the approximately 13,000 known Asbestos Personal Injury Claims are the largest.  Id.  In addition, as described below in more detail, the Debtors do not have the proper information necessary to populate a Top Twenty List with the asbestos claimants themselves, rather than the law firms representing the largest number of such claimants, as the individual plaintiff information in the claims database maintained for the Debtors by PACE is in many cases incomplete or obsolete, and supplemental information cannot be obtained in an efficient or complete manner.  Id.  Accordingly, the Debtors are seeking authority to file the Top Asbestos Counsel List in lieu of a Top Twenty List that includes individual asbestos claimants.  In addition, the Debtors will file a list of their largest unsecured claims other than Asbestos Personal Injury Claims as described below.

14.     While the substantial majority of the creditors in the Chapter 11 Cases are asbestos claimants, in order to provide additional information regarding claims other than asbestos-related claims, the Debtors are also filing the Unsecured Creditors List.  The Unsecured Creditors List provides a consolidated list of every known creditor of the Debtors other than asbestos-related claimants, including insiders under section 101(31) of the Bankruptcy Code, which amounts to less than twenty creditors and includes (i) the Intercompany Payables, (ii) certain Environmental Claims, and (iii) certain Claims of the Delaware taxing authorities.[4] Pursuant to the Plan, Environmental Claims will be assumed and assigned to a creditworthy

---

[4] Although there are very few unsecured creditors other than asbestos-related claimants in the Chapter 11 Cases, First Day Decl. ¶ 52, all of the Debtors' other known creditors are listed on the Unsecured Creditors List, which is discussed in greater detail below.

entity with further financial assurances from Meritor's main U.S. operating subsidiary, which owns nearly all of Meritor's assets in North America and conducts nearly all of Meritor's North American business operations, and as such are Unimpaired.  Tax Claims and any other General Unsecured Claims are also Unimpaired.

15.    The Debtors believe that filing the Top Asbestos Counsel List and the Unsecured Creditors List will facilitate the disclosure of information required by Bankruptcy Rule 1007(d), given the limitations of the known information regarding the individual asbestos claimants in these Chapter 11 Cases.  The provision of a list of law firms representing the largest number of asbestos claimants asserting claims against debtors has been approved in numerous chapter 11 cases where the debtor was a defendant in thousands of personal injury lawsuits.  See, e.g., In re Yarway Corp., Case No. 13-11025 (BLS) (Bankr. D. Del. Apr. 25, 2013) [Docket Nos. 1, 15, 21] (chapter 11 debtor authorized to file list of law firms representing the largest numbers of asbestos plaintiffs asserting claims against the debtor in lieu of a top twenty unsecured creditors list, and also filed list of creditors holding the largest unsecured claims other than asbestos claims); In re Metex Mfg. Co., Case No. 12-14554 [Docket No. 1] (Bankr. S.D.N.Y. Nov. 15, 2012) (same); In re Leslie Controls, Inc., Case No. 10-12199 [Docket No. 1, 31] (Bankr. D. Del. July 13, 2010) (same); In re T.H. Agriculture & Nutrition, L.L.C., Case No. 08-14692 (REG) (Bankr. S.D.N.Y. Nov. 24, 2008) [Docket No. 1] (prepackaged chapter 11 case in which the debtor filed a list of certain law firms asserting mesothelioma claims against the debtor in lieu of a list of top twenty unsecured creditors).

## II.    List of Counsel to Asbestos Claimants in Creditor Matrix

16.    Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list containing the name and address of each creditor.  As noted above, the Debtors are defendants in thousands of asbestos-related lawsuits and nearly all of their known contingent creditors are

asbestos claimants.  First Day Decl. ¶ 52.  The Debtors, through their vendor PACE, maintain a litigation database to track the Maremont Asbestos Lawsuits, which largely contains only the addresses of counsel of record for the claimants in the Maremont Asbestos Lawsuits.  Id. ¶ 54. Moreover, for Maremont Asbestos Lawsuits in which the Debtors do have a record of a claimant's address, such addresses were most likely obtained from the original complaints filed by such claimants, many of which were filed years ago.  Thus, for the majority of the Maremont Asbestos Lawsuits, the addresses of the claimants are not available to the Debtors (nor are phone numbers or other contact information that would be required for inclusion on a Top Twenty List).  Id.  Gathering the individual addresses now would require an onerous review of the files maintained by the Debtors' various past and present asbestos litigation counsel across the country and such review would yield incomplete and potentially inaccurate results at best.  Even if the Debtors were to undertake this onerous task, the Debtors would not be able to verify the accuracy of the information provided in an efficient manner and without cooperation from the 359 law firms that represent these plaintiffs, who may not be willing to assist given client confidentiality and privacy issues.  Id.  Additionally, given ethical considerations related to communications with a person represented by counsel, communications regarding the Maremont Asbestos Lawsuits prior to the Petition Date – including the prepetition solicitation of votes on the Plan – have occurred through and with such counsel.[5]  Id.  Maremont seeks to continue that communications protocol through the relief being sought herein.

17.    The Debtors believe that the actual notice that claimants will receive via their counsel pursuant to the notice protocol set forth herein will be superior to the notice that such

---

[5] For the minimal number of Maremont Asbestos Lawsuits for which the Debtors do not maintain information for counsel of record, the Debtors directly sent notices and communications regarding the prepetition solicitation of votes on the Plan to such claimants, as described more fully in the Debtors' scheduling and solicitation motion, filed concurrently herewith.  The Debtors will continue to directly provide notice to these claimants in the Chapter 11 Cases.

claimants would receive if the Debtors were to attempt to deliver notices and other communications directly to the claimants.  The Debtors also believe that listing and using the addresses of counsel of record for asbestos claimants will ease the burden on both claimants and the Debtors.  Many of the claimants in the Maremont Asbestos Lawsuits are lay persons, many of whom who may never have been involved in a commercial bankruptcy case.  Such claimants may be unfamiliar with the types of notices and pleadings that will be served in the Chapter 11 Cases, or any required actions in response to such communications.  In addition, listing counsel of record for each asbestos claimant in lieu of individual addresses will dramatically ease the administrative burden on the Debtors of attempting to obtain verified information, and of sending notices to thousands of personal injury claimants, resulting in a more cost-effective notice procedure that benefits the Debtors' estates and creditors.  As a result, the Debtors request authority to list the addresses of the counsel of record for each asbestos claimant instead of the addresses of the individual claimants on the Debtors' creditor matrix.

## III.    The Asbestos Claimant Notice Procedures

18.    Further, throughout the Chapter 11 Cases, the Debtors will be required to send certain notices, mailings and other communications to the asbestos claimants that have asserted claims against the Debtors.  In order to ensure that these claimants receive proper and timely notice of filings and critical events in the Chapter 11 Cases, the Debtors seek to implement a notice procedure by which the Debtors' Claims and Noticing Agent will send required notices, mailings and other communications to the counsel of record for the asbestos claimants (the "Asbestos Claimant Notice Procedures").  Specifically, with the assistance of the Claims and Noticing Agent approved by the Court,[6] the Debtors will provide notices, mailings and other

---

[6] Contemporaneously herewith, the Debtors have filed an application seeking to retain Donlin, Recano & Company, Inc. as the Claims and Noticing Agent pursuant to 28 U.S.C. § 156(c).

communications required to be served on asbestos claimants to the respective counsel of record for such claimants in the manner required pursuant to otherwise applicable noticing procedures in effect in the Chapter 11 Cases.

19.     By implementing the Asbestos Claimant Notice Procedures and for the reasons set forth above, the actual notice that asbestos claimants will receive via their counsel will be superior to the notice such claimants would receive if the Debtors were to attempt to deliver notices and other communications directly to the claimants based on the available information in the litigation database.  The addresses for counsel of record to the asbestos claimants are more likely to remain unchanged over time (and are likely publicly available) and noticing counsel of record instead will allow for more accurate notice to asbestos claimants.  Further, given that most of the asbestos claimants are laypersons, providing the notices and communications to such claimants' counsel of record will better facilitate their participation in the Chapter 11 Cases.  The Asbestos Claimant Notice Procedures will also ease the administrative burden on the Debtors of sending notices to thousands of asbestos claimants, resulting in a more cost-effective notice procedure that benefits the Debtors' estate and creditors.

20.     The provision of notices to asbestos claimants through their counsel, rather than to the claimants at their home addresses, is a standard practice in asbestos-related chapter 11 cases.  For this reason, and the other reasons set forth herein, courts have granted similar relief in other asbestos-related chapter 11 cases where the debtor was a defendant in thousands of personal injury lawsuits.  See, e.g., In re Yarway Corp., Case No. 13-11025 (BLS) (Bankr. D. Del. Apr. 25, 2013) (authorizing the debtor to send notices and mailings regarding the bankruptcy case to counsel of record for personal injury claimants in lieu of sending communications to such individual claimants); In re Rapid-Am. Corp., Case No. 13-10687

(Bankr. S.D.N.Y. Mar. 13, 2013) (same); <u>In re Metex Mfg. Co.</u>, Case No. 12-14554 (Bankr. S.D.N.Y. Nov. 15, 2012) (same); <u>In re Durabla Mfg. Co.</u>, Case No. 09-14415 (Bankr. D. Del. Dec. 15, 2010) (same); <u>In re Leslie Controls, Inc.</u>, Case No. 10-12199 (Bankr. D. Del. July 13, 2010) (same); <u>In re Specialty Products Holding Corp.</u>, Case No. 10-11780 (Bankr. D. Del. June 2, 2010) (same); <u>In re Quigley Co.</u>, Case No. 04-15739 (Bankr. S.D.N.Y. Sept. 8, 2004) (same); <u>In re Mid-Valley, Inc.</u>, Case No. 03-35592 (Bankr. W.D. Pa. Jan. 12, 2004) (same).

21.     As is the case here, the debtors in the cases cited above had numerous asbestos claims asserted against them prior to the commencement of their chapter 11 cases.  The courts in those cases entered orders approving the debtors' service of all notices, mailings and other communications to the personal injury claimants' counsel of record in lieu of individually notifying each personal injury claimant.  The notice procedures approved in the cases listed above are similar to the Asbestos Claimant Notice Procedures proposed herein.

22.     The Supreme Court has stated that, in general, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Central Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950).  Courts have further held that a debtor in a chapter 11 reorganization case may fulfill the requirements of due process by providing notice to the counsel of record for a claimant who is engaged in litigation with the debtor.  <u>See</u>, <u>e.g.</u>, <u>Maldonado v. Ramirez</u>, 757 F.2d 48, 51 (3d Cir. 1985) (acknowledging that providing notice to a claimant's acting pre-bankruptcy counsel is sufficient to satisfy the requirements of due process); <u>Linder v. Trump's Castle Assoc.</u>, 155 B.R. 102 (D.N.J. 1993) (holding that because notice was given to the attorney representing the creditor in its claim against the debtor, notice could be imputed to the creditor); <u>In re WorldCom</u>, No. 02-13533, 2005 WL 3875192, at *3 (Bankr.

S.D.N.Y. Oct. 25, 2005) (notice to a creditor's attorney is binding on that creditor where the attorney was retained in a state court matter with sufficient knowledge of and nexus to the bankruptcy case).

23.     Further, one court in this District has expressly held that the direct mailing of bar date notices to personal injury claimants, rather than their known attorneys, did not satisfy the due process requirements of adequate notice, as it was highly unlikely that such claimants would have paid attention to such notices or have been able to understand and react properly to them. See In re Grand Union Co., 204 B.R. 864, 874 (Bankr. D. Del. 1997).  Instead, the court held that such claimants could expect that notices would be sent to their counsel, with whom the debtor's claims adjuster had been communicating prior to the bankruptcy filing.  Id.

24.     In these Chapter 11 Cases, the Debtors maintain a litigation database of the names and addresses of counsel of record for the asbestos claimants, and the Debtors have been in communications with certain of such counsel prior to the Petition Date in order to solicit votes on the Plan.  First Day Decl. ¶ 54.  Further, the addresses or other contact information for many of the individual asbestos claimants are not readily available to the Debtors.  Id.  Accordingly, relevant case law and the facts and circumstances of the Chapter 11 Cases support the implementation of the Asbestos Claimant Notice Procedures set forth herein to ensure that the claimants who have asserted asbestos claims against the Debtors receive proper and timely notice of filings and critical events in the Chapter 11 Cases.  The Debtors believe that such relief is necessary to facilitate and improve the administration of the Chapter 11 Cases and provide meaningful notice and due process to the Holders of Asbestos Personal Injury Claims.

## NOTICE

25.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the firms listed on the Debtors' consolidated list of twenty-five (25) law firms representing the largest numbers

13

of asbestos plaintiffs asserting claims against the Debtors; (iii) the parties listed on the Unsecured

Creditors List; (iv) counsel to Meritor; (v) counsel to the prepetition Asbestos Claimants

Committee; (vi) counsel to the prepetition Future Claimants' Representative; (vii) the United

States Attorney's Office for the District of Delaware; (viii) the Internal Revenue Service; (ix) the

United States Department of Justice; and (x) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in

accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  January 22, 2019
Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Conlan
Andrew F. O'Neill
Allison Ross Stromberg
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

SIDLEY AUSTIN LLP
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

-and-

COLE SCHOTZ P.C.

*/s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION