**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAREMONT CORPORATION, et al.,[1] | Case No. 19-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) SCHEDULING COMBINED HEARING TO CONSIDER APPROVAL
OF DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED
PLAN, (II) ESTABLISHING THE PLAN AND DISCLOSURE STATEMENT
OBJECTION DEADLINE AND RELATED PROCEDURES, (III) APPROVING
THE SOLICITATION PROCEDURES AND FORMS OF BALLOTS, (IV) APPROVING
THE FORM AND MANNER OF NOTICE OF THE COMBINED HEARING,
OBJECTION DEADLINE, AND NOTICE OF COMMENCEMENT,
(V) CONDITIONALLY DIRECTING THAT A MEETING OF CREDITORS NOT
BE CONVENED, (VI) CONDITIONALLY EXTENDING DEADLINE TO FILE
SCHEDULES AND STATEMENTS, AND (VII) GRANTING RELATED RELIEF**

Maremont Corporation and its affiliated debtors and debtors in possession (collectively,

the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submit this

motion (this "Motion"), for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), granting the following relief: (i) scheduling a combined

hearing (the "Combined Hearing") on the adequacy of the Debtors' disclosure statement

(including all exhibits and schedules attached thereto, and as may be amended, altered, modified

or supplemented from time to time, the "Disclosure Statement") and Confirmation of the

Debtors' joint prepackaged chapter 11 plan of reorganization (as may be amended, altered,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc. (9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation) (9286). The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road, Troy, MI 48084.

modified or supplemented from time to time, the "Plan"),[2] filed concurrently herewith; (ii) establishing the deadline for objections to the adequacy of the Disclosure Statement and Confirmation of the Plan (the "Objection Deadline") and approving certain related procedures; (iii) conditionally approving the prepetition procedures for the solicitation of votes on the Plan, including the form of ballots (the "Solicitation Procedures"); (iv) approving the form and manner of notice of the commencement of the Chapter 11 Cases, the Combined Hearing and the Objection Deadline (the "Notice"); (v) conditionally directing that the United States Trustee for the District of Delaware (the "U.S. Trustee") not convene a meeting of creditors (the "Creditors' Meeting") under section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), provided that the Plan is confirmed within ninety (90) days of the Petition Date; (vi) conditionally extending the date by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"), provided that the Plan is confirmed within ninety (90) days of the Petition Date; and (vii) granting certain related relief.  In support of this Motion, the Debtors submit the *Declaration of Carl D. Anderson, II in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference.  In further support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASES AND JURISDICTION

1.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these Chapter 11

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.　　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　　The statutory and other bases for the relief requested in this Motion are sections 105(a), 341, 521, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 3016, 3017, 3018, 3020, 9006 and 9007, and Local Rules 1007-1, 3017-1 and 9006-1.

## **BACKGROUND OF THE DEBTORS**

5.　　　Additional information regarding the Debtors' businesses, corporate history, capital structure and the circumstances preceding the Petition Date is set forth in the First Day Declaration and the Disclosure Statement.

**THE DEBTORS' PREPACKAGED PLAN OF REORGANIZATION**

6.    Concurrently with this Motion, the Debtors have filed the Plan and the related Disclosure Statement.

7.    Beginning in mid-2017, Maremont initiated a process to resolve all existing and future asbestos-related personal injury and wrongful death claims stemming from its historical use of asbestos in certain of its friction and exhaust products (as defined in the Plan, the "Asbestos Personal Injury Claims").   Maremont first engaged restructuring and valuation advisors and conducted extensive internal diligence regarding its business, litigation, and corporate history.  Maremont then selected the Future Claimants' Representative, a fiduciary and representative of future claimants, and provided information and engaged in preliminary discussions with the Future Claimants' Representative and his advisors.   After these initial discussions about the terms of a potential pre-negotiated plan of reorganization that would establish an asbestos trust under section 524(g) of the Bankruptcy Code (the "Asbestos Personal Injury Trust"), an Asbestos Claimants Committee was assembled to represent the interests of current claimants.  After further good-faith negotiations with both creditor constituencies, as well as with Meritor, Inc. ("Meritor"), the non-debtor direct or indirect parent company of each of the Debtors, the parties agreed on the terms of the Meritor settlement and Maremont contribution to the Asbestos Personal Injury Trust embodied in the Debtors' prepackaged Plan.

8.    The Plan channels all Asbestos Personal Injury Claims to the Asbestos Personal Injury Trust (the "Asbestos Personal Injury Channeling Injunction"), and such claims will be paid from the assets of the trust.  In exchange for certain protections afforded under the Plan, including the Asbestos Personal Injury Channeling Injunction, Maremont and Meritor (on behalf of itself and certain other Non-Debtor Affiliates) will make substantial contributions to the Asbestos Personal Injury Trust.  The total Asbestos Personal Injury Trust assets will be valued,

in the aggregate, in the range of $58–65 million, and include cash, insurance coverage and receivables, and all of the equity in Reorganized Maremont, which will own and operate commercial real estate. The Asbestos Personal Injury Trust will resolve Asbestos Personal Injury Claims asserted by current and future Holders of Asbestos Personal Injury Claims in accordance with the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures.

9.     Holders of Class 4 Asbestos Personal Injury Claims under the Plan were the only class of creditors or interest holders entitled to vote under the Plan and such Holders that voted on the Plan voted unanimously to accept the Plan. The Plan leaves all other Classes of non-insider Claims Unimpaired.

**RELIEF REQUESTED**

10.     By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**:

(a)     scheduling the Combined Hearing;

(b)     establishing the Objection Deadline and approving certain related procedures;

(c)     conditionally approving the Solicitation Procedures, pending final approval through the proposed findings of fact, conclusions of law, and order confirming the Plan pursuant to section 1129 of the Bankruptcy Code (the "Confirmation Order") at the Combined Hearing;

(d)     approving the form and manner of the Notice, substantially in the form attached to the Proposed Order as **Exhibit 1**;

(e)     directing that the U.S. Trustee not convene the Creditors' Meeting, provided that the Plan is confirmed within ninety (90) days of the Petition Date;

(f)     conditionally extending the date by which the Debtors must file the Schedules and Statements, provided that the Plan is confirmed within ninety (90) days of the Petition Date; and

(g)    granting certain related relief.

11.    The following table highlights certain important solicitation dates, as well as the proposed key dates and deadlines relevant to the relief requested herein, including, among other things, the mailing of the Notice, the Objection Deadline, and the Combined Hearing:

| Event | Proposed Dates/Deadlines |
|---|---|
| Voting Record Date | November 30, 2018 |
| Commencement of Solicitation | December 4, 2018 |
| Voting Deadline | January 18, 2019 |
| Petition Date | January 22, 2019 |
| First Day Hearing | January 23, 2019 |
| Mailing of Notice Deadline | January 25, 2019 |
| Plan Supplement Filing Date | February 15, 2019 |
| Second Day Hearing Date | February 25, 2019 |
| Objection Deadline | March 4, 2019 |
| Reply Deadline | March 11, 2019 |
| Confirmation Order Deadline | March 11, 2019 |
| Confirmation Brief Deadline | March 11, 2019 |
| Combined Hearing Date | March 14, 2019 |

## THE SOLICITATION PROCEDURES

12.    The Plan creates eight Classes of Claims and Interests: Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 4 (Asbestos Personal Injury Claims), Class 5 (Environmental Claims), Class 6 (Intercompany Claims), Class 7 (Maremont Equity Interests), and Class 8 (Inter-Debtor Interests).  Class 4 (the "Voting Class"), consisting of the Holders of Asbestos Personal Injury Claims, is the only Class of Claims or Interests that was entitled to vote to accept or reject the Plan.  Holders of Claims and Interests in Classes 1, 2, 3, 5, and 8, which are Unimpaired, are not entitled to vote on the Plan and were not solicited.  Holders of Claims in Class 6 are either conclusively deemed to have

accepted or rejected the Plan as to be determined by the Debtors or the Reorganized Debtors, as applicable, and as a result are either Unimpaired or Impaired and are not entitled to vote on the Plan. Holders of Interests in Class 7, which are Impaired and will receive no distributions under the Plan, are deemed to reject the Plan and are not entitled to vote on the Plan (together with Holders of Claims and Interests in Classes 1, 2, 3, 5, 6 and 8, the "Non-Voting Classes").

13.     The Debtors commenced the solicitation of votes on the Plan before the Petition Date in accordance with the following Solicitation Procedures and applicable provisions of the Bankruptcy Code and Bankruptcy Rules. Specifically, the Debtors commenced the solicitation of votes on the Plan on December 4, 2018 by causing their solicitation agent, Donlin, Recano & Company, Inc. (the "Solicitation Agent"),[3] to mail (via first class U.S. mail, postage prepaid) certain solicitation documents – including the Plan and Disclosure Statement – to Holders of Claims in the Voting Class or their counsel of record. On December 12, 2018, the Debtors supplemented the solicitation documents by mailing additional materials – including the Asbestos Personal Injury Trust Agreement, the Asbestos Personal Injury Trust Distribution Procedures, and ballots (the Disclosure Statement, the Plan, the ballots, and other solicitation documents described herein together comprise the "Solicitation Package"). As discussed above, the Debtors solicited the votes of the Holders in the Voting Class either directly or through their counsel of record. Holders of Claims in the Non-Voting Classes were not entitled to vote on the Plan and were not solicited. The Holders of Claims in the Voting Class who submitted ballots unanimously voted to accept the Plan, as detailed in the *Declaration of Jung W. Song of Donlin, Recano & Company, Inc. Regarding Solicitation of Votes and Tabulation of Ballots Cast on the Joint Prepackaged Plan of Reorganization of Maremont Corporation and Its Debtor Affiliates*

---

[3] Concurrently herewith, the Debtors have filed separate applications with the Court for authority to retain Donlin, Recano & Company, Inc. as their administrative advisor and claims and noticing agent (in such capacity, the "Claims and Noticing Agent").

*Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Voting Declaration</u>") and the corresponding affidavits of service, filed contemporaneously herewith.  The Voting Declaration certifies the results and methodologies for tabulating the Ballots and Master Ballots submitted by Holders in the Voting Class.

14.    The Solicitation Agent transmitted Solicitation Packages to counsel of record who filed suit in the tort system on behalf of Holders of the Asbestos Personal Injury Claims as well as to individual Holders of Asbestos Personal Injury Claims in limited circumstances in which the Debtors did not maintain information regarding a Holder's counsel of record.    Each Solicitation Package included copies of the following:

(a)    the Disclosure Statement, including the following exhibits thereto: (i) the Plan, a copy of which was provided as a separate document, (ii) the Financial Projections, and (iii) the Financial Statements;

(b)    the Plan, including the following exhibits thereto: (i) the Asbestos Claims Indemnification Agreement, (ii) the Asbestos Personal Injury Claimant Release, (iii) the Asbestos Personal Injury Trust Agreement, (iv) the Asbestos Personal Injury Trust Distribution Procedures, (v) the list of Debtor Product Lines, (vi) the Environmental Assumption and Indemnification Agreement, (vii) the list of Non-Debtor Affiliates, and (viii) the names and affiliations of the Future Claimants' Representative, Asbestos Personal Injury Trustee, and members of the Asbestos Personal Injury Trust Advisory Committee;

(c)    a Ballot or Master Ballot for voting with respect to a Class 4 Asbestos Personal Injury Claim, as applicable, the forms of which are attached hereto as **<u>Exhibits B-1</u>** and **<u>B-2</u>**, respectively;

(d)    a preaddressed return envelope;

(e)    an instruction letter for law firms, including options that such firms had to ensure that Solicitation Packages could be distributed to their clients holding Asbestos Personal Injury Claims;

(f)    a letter from the Asbestos Claimants Committee and the Future Claimants' Representative urging Holders of Asbestos Personal Injury Claims to vote to accept the Plan, and in some instances, a letter from such Holders' own legal counsel regarding the Plan; and

(g)     cover letters describing the contents of the Solicitation Package and an enclosed USB drive, with instructions for obtaining hard copies of the materials provided in electronic format free of charge.

As set forth in greater detail in the Voting Declaration filed contemporaneously herewith, the Solicitation Agent transmitted Solicitation Packages to 359 law firms and two individual Holders of Asbestos Personal Injury Claims with respect to the approximately 13,000 known Holders of Asbestos Personal Injury Claims in the Voting Class as of the Voting Record Date.[4]

15.     In an additional effort to ensure that all Holders and counsel representing clients holding Asbestos Personal Injury Claims had notice of the solicitation and the opportunity to request Solicitation Packages, on December 10, 2018, the Debtors published a notice of the solicitation in substantially the form attached hereto as **Exhibit C** (the "Solicitation Notice") in the national editions of the *New York Times*, *USA Today*, and the *Wall Street Journal*. The Debtors also published notice in the December 19, 2018 edition of *Mealey's Litigation Report: Asbestos* and the December 21, 2018 edition of *Mealey's Asbestos Bankruptcy Report*. Affidavits of publication will be filed with the Court.

16.     In a further effort to maximize notice, the Debtors made the Solicitation Package materials (with the exception of the Ballot and Master Ballot) available in electronic format on a special solicitation information website created by the Solicitation Agent, at www.donlinrecano.com/maremont, which website has been live since December 5, 2018.

17.     The Ballot and Master Ballot mailed as part of the Solicitation Package state in clear and conspicuous language that the Voting Class must properly complete, execute, and deliver their Ballots or Master Ballots to the Solicitation Agent so that the Ballots or Master

---

[4] After the Debtors' initial solicitation mailings were completed, one law firm advised the Solicitation Agent that it would not vote on behalf of certain of its clients entitled to vote on the Plan and would instead elect to directly mail the Solicitation Packages to its clients. The law firm requested that fifteen (15) Solicitation Packages be mailed by the Solicitation Agent to the law firm. The Solicitation Agent completed this mailing request on December 28, 2018.

Ballots would be actually received by the Solicitation Agent no later than 4:00 p.m. prevailing Eastern Time on January 18, 2019 (the "Voting Deadline").  Accordingly, the Voting Class was given ample time to review the Disclosure Statement and vote on the Plan.  The Debtors believe that they have solicited votes on their Plan from substantially all known Holders of Asbestos Personal Injury Claims in the Voting Class through their distribution of the Solicitation Packages.

18.     After receipt of the completed Ballots and Master Ballots from the Voting Class, the Solicitation Agent tabulated the Ballots and Masters Ballots and, concurrently herewith, filed the Voting Declaration.  The Voting Class voted unanimously in favor of the Plan, as evidenced by the Voting Declaration.  Accordingly, the requisite acceptance of the Plan has been obtained in the one class of claims as to which solicitation is required to confirm the Plan under the Bankruptcy Code and to authorize the injunctions set forth in the Plan.

19.     Additionally and as described in the Voting Declaration filed contemporaneously herewith, the claim amount for each Asbestos Personal Injury Claim was estimated and temporarily allowed solely for voting purposes using the Scheduled Value for each Disease Level, as set forth and defined in the Asbestos Personal Injury Trust Distribution Procedures and disclosed in the Ballots and Master Ballots.  For each Asbestos Personal Injury Claim, the Holder or such Holder's attorney was required to indicate on the applicable ballot one of the following asbestos-related disease categories: (a) Mesothelioma 2 (Disease Level V – Shade Tree Mechanic Claims only); (b) Mesothelioma (Disease Level IV – Occupationally Exposed Claims only); (c) Lung Cancer (Disease Level III – Occupationally Exposed Claims only); (d) Other Cancer (Disease Level II – Occupationally Exposed Claims only); and (e) Severe

Asbestosis (Disease Level I – Occupationally Exposed Claims only).[5]  Accordingly, the Debtors have commenced the Chapter 11 Cases to preserve their remaining assets and to implement the negotiated settlement embodied in the Plan so as to accord fair and equitable treatment to all present and future Holders of Asbestos Personal Injury Claims pursuant to section 524(g) of the Bankruptcy Code.

## BASIS FOR RELIEF

### I.    Scheduling the Combined Hearing

20.    Bankruptcy Rules 2002(b) and 3017(a) require that twenty-eight (28) days' notice be given by mail to all creditors and equity holders of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Section 1128(a) of the Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code, moreover, provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan.

21.    The Debtors request that the Court schedule a hearing to consider approval of the Disclosure Statement and Confirmation of the Plan—*i.e.*, the Combined Hearing—on or about March 14, 2019, subject to the Court's schedule.  This request is consistent with applicable law and established practices for prepackaged chapter 11 cases in this District and will facilitate an

---

[5] Holders of Asbestos Personal Injury Claims who did not meet the criteria for any of the Disease Levels were not required to select a Disease Level and such claims were allowed for voting purposes only in the amount of $5,000.

expeditious reorganization consistent with the requirements of the Bankruptcy Code.  The Debtors further request that the Court authorize the Debtors to adjourn the Combined Hearing from time to time without further notice other than an announcement of the adjourned date(s) in open court or at the Combined Hearing or the hearing agenda for the same, with notice of such adjourned date(s) to be made available on the electronic case docket.

22.     The Debtors respectfully submit that there is no reason to delay the Court's consideration of the adequacy of the Disclosure Statement and Confirmation of the Plan, as the sole Voting Class provided for in the Plan has voted with the requisite majority in favor of the Plan.  Votes received and tabulated from the Voting Class evidence a unanimous acceptance of the Plan by the Holders of Asbestos Personal Injury Claims.  The Debtors submit that this voting result is sufficient under sections 1126(b), (c) and (d) and section 1129 of the Bankruptcy Code to confirm the Plan, and is sufficient under section 524(g) of the Bankruptcy Code to authorize the injunctions set forth in the Plan.  Accordingly, a Combined Hearing in the Chapter 11 Cases will promote judicial economy and allow the Debtors to move swiftly toward Confirmation of the Plan and emerge from bankruptcy as soon as possible.  Importantly, proceeding on the Debtors' proposed schedule will reduce the Debtors' administrative expenses in bankruptcy, preserving the Debtors' estate assets for Holders of current and future Asbestos Personal Injury Claims.  Such benefits are the hallmarks of a prepackaged plan of reorganization.  It is also appropriate to enter the Proposed Order at this time so that parties in interest may be promptly informed of the anticipated schedule of events in the Debtors' cases, including Confirmation of the Plan.

23.     The proposed schedule affords creditors, equity holders, and all other parties in interest ample notice of the commencement of the Chapter 11 Cases, the Objection Deadline, the

Combined Hearing and related dates and deadlines.  Specifically, the proposed schedule affords at least twenty-eight (28) days' notice of the Objection Deadline and more than thirty-five (35) days' notice of the proposed Combined Hearing in accordance with Local Rule 3017-1.  As set forth in the Plan, the Plan Supplement Filing Date is well in advance of the Objection Deadline. Further, the proposed schedule provides notice of the Debtors' deadline to file a brief in support of the adequacy of the Disclosure Statement and Confirmation of the Plan that will address, among other things, the requirements for Confirmation under the provisions of the Bankruptcy Code and the Plan's satisfaction of those requirements (the "<u>Confirmation Brief</u>").  As a result, parties will have sufficient time to evaluate their rights in respect of the Plan before the Combined Hearing, and, accordingly, no party in interest will be prejudiced by the requested relief.

**II.     Objection Deadline and Related Procedures**

24.     Bankruptcy Rule 3017(a) authorizes the Court to fix a deadline for the filing of objections to the adequacy of the Disclosure Statement and Confirmation of the Plan. Bankruptcy Rule 2002(b) and Local Rule 3017-1 require that creditors receive at least twenty-eight (28) days' notice of the Objection Deadline.   Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Moreover, Local Rule 9006-1 provides that (a) the deadline for objections shall be no later than seven (7) days before the hearing date and (b) the deadline for filing reply papers shall be no later than 4:00 p.m. on the day before the deadline for filing the hearing agenda.

25.     The Debtors request that the Court set March 4, 2019 at 4:00 p.m. (prevailing Eastern Time) as the Objection Deadline.  This date will provide parties in interest with over 40 days to object, while still affording the Debtors time to respond to any objections received. Additionally, the Debtors request that the Court require objections to the Disclosure Statement or

Confirmation of the Plan: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) so it is actually received on or before the Objection Deadline. In addition to being filed with the Court, any such responses or objections must be served on the following parties, including such other parties as the Court may order, so as to be received by no later than the Objection Deadline: (i) the Debtors, Maremont Corporation, 2135 West Maple Road, Troy, Michigan 48084, Attn: Carl D. Anderson, II; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Andrew F. O'Neill and Blair M. Warner; (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Norman L. Pernick and J. Kate Stickles; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (v) counsel to Meritor, 2135 West Maple Road, Troy, Michigan 48084, Attn: Loree J. Shelko; (vi) counsel to the prepetition Asbestos Claimants Committee, Robinson & Cole LLP, 1000 North West Street, Suite 1200, Wilmington, Delaware 19801, Attn: Natalie D. Ramsey, and Robinson & Cole LLP, Chrysler East Building, 666 Third Avenue, 20th Floor, New York, New York 10017, Attn: Mark A. Fink; (vii) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; and (viii) counsel to any statutory committee appointed in these Chapter 11 Cases.

26.    The Debtors also request that the Court set March 11, 2019 as the deadline for: (i) the proponents of the Plan to file replies to any timely-filed objections filed in respect of the

Disclosure Statement or the Plan (the "Reply Deadline"), (ii) the Debtors to file the Confirmation

Order (the "Confirmation Order Deadline"), and (iii) the Debtors to file the Confirmation Brief

(the "Confirmation Brief Deadline"), three (3) Business Days before the Combined Hearing.

27.     The Debtors believe that setting the Objection Deadline, the Reply Deadline, the

Confirmation Order Deadline, and the Confirmation Brief Deadline as requested, and requiring

that objecting parties satisfy the foregoing conditions, is warranted.  First, the Debtors' proposed

schedule would provide entities at least twenty-eight (28) days' notice of the Objection Deadline

as required by Bankruptcy Rule 2002(b)(1) and in compliance with the requirements of Local

Rules 3017-1.  Second, the requested relief will afford all parties in interest sufficient time to

consider the objections prior to the Combined Hearing and afford the Debtors sufficient time to

address any objections through responsive briefs, modifications to the Plan, or otherwise.

## III.     Approval of the Disclosure Statement

28.     The Debtors will request approval of the Disclosure Statement at the Combined

Hearing.[6]  Section 1125 of the Bankruptcy Code requires that a plan proponent provide

"adequate information" regarding the proposed Plan to classes entitled to vote.  The Bankruptcy

Code defines "adequate information" as

> [i]nformation of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,
> and a hypothetical investor typical of the holders of claims or

---

[6] The Debtors are not seeking approval of the Disclosure Statement under section 1125(b) of the Bankruptcy Code as part of the Proposed Order.  Because the Disclosure Statement was delivered to the Voting Class prior to the Petition Date, no approval of the Disclosure Statement is required at this time.  Instead, the Debtors will seek approval of the Disclosure Statement, including a finding that the Disclosure Statement contained "adequate information" as that term is used in section 1125 of the Bankruptcy Code, at the Combined Hearing.  Nonetheless, the Debtors offer the argument in this section in support of approval of the Disclosure Statement and reserve the right to supplement this argument in the Confirmation Brief, to be filed on or before the Confirmation Brief Deadline.

> interests in the case, that would enable such a hypothetical investor
> of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).  "Adequate information" is a flexible standard to be interpreted by the Court, in its discretion, based on the facts and circumstances of the particular case.  H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case . . . ."); see, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

29.     The Disclosure Statement prepared by the Debtors and distributed to the Voting Class contains comprehensive information with descriptions of, among other things: (a) the Plan; (b) the proposed settlements and restructuring transactions to be effected in connection with the Plan; (c) key events leading to the commencement of the Chapter 11 Cases; (d) the treatment of Claims asserted against and Interests in the Debtors' estates under the Plan; (e) relevant financial information regarding the Debtors; (f) risk factors regarding the Debtors and the Plan; and (g) federal tax law consequences of the Plan.

30.     In sum, the Disclosure Statement provides the Voting Class and parties in interest in the Chapter 11 Cases with ample information on which to base an informed decision regarding the Plan under the circumstances of these cases.  Accordingly, the Debtors will request at the Combined Hearing that the Court approve the Disclosure Statement as having met the requirements for "adequate information" under section 1125(a) of the Bankruptcy Code.

## IV.    Approval of the Solicitation Procedures

31.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan. Bankruptcy Rule 3017(e) provides that "the courts shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities [and] determine the adequacy of the procedures."  As described herein, the Debtors commenced a prepetition solicitation of votes on the Plan by distributing the Solicitation Package, consisting of the Disclosure Statement, the Plan – including, among other exhibits, the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures, the Ballot or Master Ballot, as applicable, and related instructional materials to the Voting Class.  The Voting Deadline was established on a date that was forty-five (45) days after commencement of the solicitation in compliance with applicable non-bankruptcy law.

32.    By this Motion, the Debtors request the Court's conditional approval of the Solicitation Procedures, including the Solicitation Package distributed to the Voting Class in furtherance thereof.  The Debtors will request final approval of the Solicitation Procedures through the Confirmation Order at the Combined Hearing.  As set forth below, the Solicitation Procedures implemented by the Debtors comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should, therefore, be conditionally approved.

### A.    Approval of the Voting Record Date

33.    Bankruptcy Rule 3017(d) provides that, for the purpose of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the

court, for cause, after notice and a hearing." Bankruptcy Rule 3018(b) provides that, in a prepetition solicitation, the holders of record of the applicable claims against and interests in a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." The Disclosure Statement and the ballots clearly identify November 30, 2018—*i.e.*, the Voting Record Date—as the date for determining which Holders of the Voting Class were entitled to vote to accept or reject the Plan.

### B. Approval of the Voting Deadline

34. Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all of the holders of claims or interests in the same voting class and the time for voting was not "unreasonably short." Bankruptcy Rule 3018(b) also requires that the solicitation comply with section 1126(b) of the Bankruptcy Code (*i.e.*, that the solicitation comply with applicable non-bankruptcy law or contain "adequate information").

35. In accordance with these requirements, solicitation was commenced on December 4, 2018, and supplemental service was completed on December 12, 2018. As clearly stated in the Disclosure Statement and the Ballot and Master Ballot, the Voting Deadline was at 4:00 p.m. (prevailing Eastern Time) on January 18, 2019. The solicitation period lasted for a period of forty-five (45) calendar days and thirty-one (31) business days, and the vast majority of Solicitation Packages were sent to law firms representing the individual Holders of Claims in the Voting Class, who are sophisticated parties with substantial knowledge of the solicitation process. For these reasons, the Debtors submit that this period of time was sufficient and appropriate for the Holders of Claims in the Voting Class to make an informed decision to accept or reject the Plan, in satisfaction of the requirements of Bankruptcy Rule 3018(b) and section 1126(b) of the Bankruptcy Code.

### C.    Approval of Forms of Ballots

36.    Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot that substantially conforms to Official Form No. 314 only to "creditors and equity security holders entitled to vote on the plan."   Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity holder or an authorized agent, and conform to the appropriate Official Form." Here, the Ballots were based on Official Form No. 314, but were modified to address the particular aspects of the Chapter 11 Cases and to include certain information relevant for the Voting Class and their representatives entitled to vote on the Plan.  The forms of the Ballot and Master Ballot used in the Debtors' prepetition solicitation are attached hereto as **Exhibits B-1** and **B-2**, respectively.

37.    The Debtors distributed two forms of ballots with respect to Class 4 Holders of Asbestos Personal Injury Claims: (a) a form of Master Ballot for each law firm of record for Holders of Asbestos Personal Injury Claims for which the Debtors maintain books and records through their claims database, attached hereto as **Exhibit B-1**, together with instructions regarding such firms' options for submitting votes on behalf of their clients; and (b) a form of Ballot for Holders of Asbestos Personal Injury Claims for which the Debtors do not maintain a law firm of record in the Debtors' claims database, attached hereto as **Exhibit B-2**.  Law firms of record that received Master Ballots who were either (i) unable to certify that they had authority to vote on the Plan on behalf of their clients who were Holders of Asbestos Personal Injury Claims, or (ii) wished to have their clients cast their own Ballots on the Plan, were also given instructions regarding furnishing the Solicitation Agent with client information in order to effect the transmission of Solicitation Packages to such Holders.

38.     Each Ballot and Master Ballot contains detailed instructions regarding the process for completion and how to make any applicable elections contained therein.  In particular, the Ballots and Master Ballots indicate that, to be counted as votes to accept or reject the Plan, the Ballots and Master Ballots must be property executed, completed, and delivered to the Solicitation Agent so that they were received no later than the Voting Deadline; provided that for law firms of record representing Holders of Asbestos Personal Injury Claims for whom they would not or could not vote on their behalf, such firms were advised to return such client information with sufficient time for the Solicitation Agent to effect the direct or indirect transmission of Solicitation Packages to such Holders or to the law firms prior to the Voting Deadline.  Indeed, a specific instruction letter was provided to law firms representing Holders of Claims in the Voting Class that provided detailed instructions on the options law firms had to ensure that Solicitation Packages could be distributed to their clients.

### D.     Approval of Tabulation Procedures

39.     The Debtors used standard procedures in tabulating votes submitted by the Voting Class that are also consistent with the procedures routinely approved by courts in this District, which are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a). Section 524(g) of the Bankruptcy Code is applicable to the Chapter 11 Cases, and provides that the Court must determine that the following requirements, among others, are met:

> [A]s part of the process of seeking confirmation of such plan—a separate class or classes of the claimants whose claims are to be addressed by a trust described in clause (i) is established and votes, by at least 75 percent of those voting, in favor of the plan . . . .

11 U.S.C. § 524(g)(2)(B)(ii)(IV)(bb).

40.     As described in the Voting Declaration filed contemporaneously herewith, the claim amount for each Asbestos Personal Injury Claim was estimated and temporarily allowed

solely for voting purposes using the Scheduled Value for each Disease Level, as set forth and defined in the Asbestos Personal Injury Trust Distribution Procedures and disclosed in the Ballots and Master Ballots.  For each Asbestos Personal Injury Claim, the Holder or such Holder's attorney was required to indicate on the applicable ballot one of the following asbestos-related disease categories: (a) Mesothelioma 2 (Disease Level V – Shade Tree Mechanic Claims only); (b) Mesothelioma (Disease Level IV – Occupationally Exposed Claims only); (c) Lung Cancer (Disease Level III – Occupationally Exposed Claims only); (d) Other Cancer (Disease Level II – Occupationally Exposed Claims only); and (e) Severe Asbestosis (Disease Level I – Occupationally Exposed Claims only).  Under the Asbestos Personal Injury Trust Distribution Procedures, each of the foregoing disease categories is assigned a Scheduled Value.  Solely for the purpose of tabulating votes, the Solicitation Agent assigned each Asbestos Personal Injury Claim an amount equal to such Scheduled Value based on the Disease Level designated on the Ballot or Master Ballot.[7]  This procedure has been approved in asbestos chapter 11 cases both in and outside of this District.  See, e.g., In re Quigley Co., 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006) (estimating asbestos personal injury claims for voting purposes using the values contained in asbestos trust distribution procedures is appropriate because this approach "weigh[s] each vote based on the nature and impairment of each claimant's injury . . . more accurately aligns the voting strength with the ultimate claim value . . . and prevents the holders of relatively small claims from disenfranchising the more severely impaired who hold larger claims."); see also In re Yarway Corp., Case No. 13-11025 (BLS) (Bankr. D. Del. Jan. 27, 2015); In re Specialty Prods. Holding Corp., Case No. 10-11780 (PJW) (Bankr. D. Del. Oct. 21, 2014); In re Leslie Controls, Inc., Case No. 10-12199 (CSS) (Bankr. D. Del. Aug. 19, 2010).

[7] As stated above, for Holders of Asbestos Personal Injury Claims who voted on the Plan but did not meet the criteria for any of the Disease Levels, such claims were allowed for voting purposes only in the amount of $5,000 and such Holders were not required to select a Disease Level.

41.    The Solicitation Package described how the votes set forth on the Ballots and Master Ballots would be tabulated (the "Tabulation Procedures"). The Tabulation Procedures provide, among other things, as follows: (a) a Ballot or Master Ballot that was incomplete or illegible, indicated unclear or inconsistent votes, or that was improperly signed and returned would not be counted, unless the Debtors determine otherwise; (b) a Ballot or Master Ballot received after the Voting Deadline would not be counted, unless the Debtors determine otherwise; (c) delivery of a Ballot or Master Ballot to the Debtors occurs only when such ballot is actually received by the Solicitation Agent via U.S. mail, hand delivery, or overnight courier (any form of electronic delivery of a Ballot or Master Ballot is impermissible); (d) a properly completed Ballot or Master Ballot timely submitted by a Holder in the Voting Class or a law firm of record for a Holder would supersede and revoke any prior Ballot(s) or Master Ballot(s) submitted by such Holder; (e) any Ballot or Master Ballot that attempted to vote a Class 4 Asbestos Personal Injury Claim to both partially accept and partially reject the Plan would not be counted; (f) a Ballot or Master Ballot would not be deemed to be a Proof of Claim or Interest or an assertion of a Claim or Interest in any chapter 11 case subsequently filed by the Debtors; (g) a Ballot or Master Ballot that is returned but is not signed and/or is missing one or more of the required certifications would not be counted; and (h) a Ballot or Master Ballot submitted by or on behalf of a Holder of an Asbestos Personal Injury Claim located in the United States but does not provide the last four digits of the Holder's social security number would not be counted. The Debtors submit that these Tabulation Procedures are appropriate and reasonable under the circumstances of the Chapter 11 Cases and should be approved.

### E.    Non-Solicitation of the Non-Voting Classes

42.    The Plan provides that certain Classes of Claims against, or Interests in, the Debtors are presumed to accept the Plan. Specifically, the Plan provides that the Holders of

Claims and Interests in Classes 1, 2, 3, 5, 6 (to the extent Unimpaired as determined by the Debtors or the Reorganized Debtors, as applicable), and 8 are Unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, each Holder of a Claim or Interest in an Unimpaired Class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." Maremont Equity Interests in Class 7 and, at the Debtors' or the Reorganized Debtors' election, Holders of Intercompany Claims in Class 6 are Impaired, and are not entitled to receive any distribution or to retain any property pursuant to the Plan. Pursuant to section 1126(g) of the Bankruptcy Code, each Holder of a Claim or Interest in an Impaired Class is conclusively deemed to have rejected the Plan and thus is not entitled to vote. Holders of Claims and Interests in each of the foregoing Non-Voting Classes are conclusively presumed to accept or conclusively deemed to reject the Plan, and thus are not entitled to vote. Accordingly, the Debtors have not solicited votes from the Non-Voting Classes.

43.    The Debtors are requesting a waiver of the requirement that they mail copies of the Plan and the Disclosure Statement to the Non-Voting Classes. See FED. R. BANKR. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).[8] The Debtors submit that Bankruptcy Rule 3017(d) does not apply here because the Debtors solicited acceptances and rejections of the Plan on a prepetition basis, and, thus, there is no disclosure statement that was "approved by the court" to transmit. Alternatively, the Court should order that the Debtors are not required to provide those materials to the Non-Voting Classes as it would be a significant and unnecessary administrative burden on the Debtors to transmit the Disclosure Statement and Plan to such Non-Voting Classes.

---

[8] The Debtors did, however, mail copies of the Plan and Disclosure Statement to their insurers on or about December 14, 2018.

44.     In lieu of furnishing Holders in each of the Non-Voting Classes with a copy of the Plan and Disclosure Statement, the Debtors propose to send the Notice to such Holders.  The Notice sets forth, among other things, a summary of the Plan and the treatment of such Holders' Claims or Interests in the Debtors, as well as the manner in which a copy of the Plan and the Disclosure Statement may be obtained.  In addition, the Debtors have posted the Disclosure Statement and the Plan on the website of the Solicitation Agent, at www.donlinrecano.com/maremontch11, which is available free of charge.

45.     The Solicitation Procedures undertaken by the Debtors and described herein with respect to the Non-Voting Classes comply with the Bankruptcy Code and should be approved. Accordingly, the Debtors request that the Court approve the Solicitation Procedures with respect to the Non-Voting Classes.

**F.      Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation**

46.     Section 1126(b) of the Bankruptcy Code expressly permits the Debtors to solicit prepetition votes from the Voting Class without a court-approved Disclosure Statement if the solicitation complies with applicable non-bankruptcy laws—including generally applicable federal and state securities laws or regulations—or, if no such laws exist, the solicited Holder(s) receive "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

47.     To the extent applicable, the Debtors are relying on section 4(a)(2) of the Securities Act, and any applicable Blue Sky Laws provisions, to exempt from registration under the Securities Act and Blue Sky Laws the offer to the Voting Class of Plan securities prior to the Petition Date, including, without limitation, in connection with the solicitation.  Therefore, the requirements of section 1126(b)(1) of the Bankruptcy Code are inapplicable to the Debtors' prepetition solicitation.  Accordingly, the Debtors submit that the Solicitation Procedures satisfy

section 1126(b)(2) of the Bankruptcy Code because the Holders in the Voting Class received "adequate information" as that term is used in section 1125(a) of the Bankruptcy Code, and the Debtors will seek a determination that this standard was met at the Combined Hearing.  As such, the Solicitation Procedures should be approved.

**V.     Approval of Form and Manner of Service of the Notice**

48.     As noted above, the Debtors are required to provide holders of claims and interests at least twenty-eight (28) days' notice of the Objection Deadline pursuant to Bankruptcy Rules 2002(b) and 2002(d) and Local Rule 3017-1.  Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors.  Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtors' equity security holders.

49.     In the Chapter 11 Cases, it would be efficient and cost-effective if the Debtors were permitted to serve parties in interest with a combined notice of these events rather than separate notices.  Therefore, in accordance with Bankruptcy Rule 9007, the Debtors propose to mail (or cause to be mailed) by first class mail within three (3) Business Days from entry of the Proposed Order, the Notice, substantially in the form annexed as Exhibit 1 to the Proposed Order, setting forth, among other things: (a) notice of commencement of the Debtors' Chapter 11 Cases; (b) the date, time, and place of the Combined Hearing; (c) instructions for obtaining copies of the Disclosure Statement and the Plan; (d) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, and/or Confirmation of the Plan; and (e) the deferral of the Creditors' Meeting and that such meeting will not be convened if the Plan is confirmed within ninety (90) days of the Petition Date.

50.     The Debtors propose to mail the Notice to the following parties: (a) all known Holders of Claims or Interests (including Holders of both Impaired and Unimpaired Claims and

Interests), and provided that individual Holders of Asbestos Personal Injury Claims shall be noticed through their attorneys of record to the extent possible; (b) the twenty-five (25) law firms representing the largest numbers of asbestos plaintiffs asserting claims against the Debtors on a consolidated basis; (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (d) counsel to Meritor, 2135 West Maple Road, Troy, Michigan 48084, Attn: Loree J. Shelko; (e) counsel to the prepetition Asbestos Claimants Committee, Robinson & Cole LLP, 1000 North West Street, Suite 1200, Wilmington, Delaware 19801, Attn: Natalie D. Ramsey, and Robinson & Cole LLP, Chrysler East Building, 666 Third Avenue, 20th Floor, New York, New York 10017, Attn: Mark A. Fink; (f) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) the U.S. Attorney's Office for the District of Delaware; and (j) all other entities required to be served by Bankruptcy Rules 2002 and 3017 and Local Rule 9013-1(m).

51.     To the extent they have not already done so, the Debtors will also mail copies of the Disclosure Statement and Plan (in electronic format, on a USB drive) to the U.S. Trustee, any trustee or committee appointed in these cases, the Asbestos Claimants Committee, the Future Claimants' Representative and the Securities and Exchange Commission, pursuant to Bankruptcy Rule 3017(a).  Furthermore, the Debtors respectfully request that the Court waive the requirement under Bankruptcy Rule 3017(d) that Holders of Claims in Classes designated in the Plan as Unimpaired (Classes 1, 2, 3, 5, 6 (to the extent Unimpaired), and 8) be sent the Disclosure Statement and the Plan.

52.     To provide additional notice and access to pertinent filings to parties in interest in these cases, the Debtors will post to the Solicitation Agent's website various chapter 11 documents, including, among other filings, the following: (a) the Plan; (b) the Disclosure Statement; (c) this Motion and any orders entered in connection with this Motion; and (d) the Notice.  The website address is: www.donlinrecano.com/maremontch11.

53.     Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  In accordance therewith, the Debtors, in their discretion, propose to provide supplemental notice of the Combined Hearing by causing a copy of the Notice (the "Publication Notice") (modified in a format as necessary for publication) to be published once in the following publications:  *New York Times*, *USA Today*, *Wall Street Journal*, *Mealey's Litigation Report: Asbestos*, and *Mealey's Asbestos Bankruptcy Report*.     The Debtors propose to publish supplemental publication notice of the Combined Hearing by publishing a notice of the Combined Hearing no later than seven (7) business days after entry of the Proposed Order, or as soon as reasonably possible thereafter.  The Debtors believe that the publication of certain of the contents of the Combined Notice in this manner would provide sufficient notice of the date, time, and place of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

54.     The proposed service of the Notice pursuant to the methods described above will provide sufficient notice to all parties in interest of the commencement of the Chapter 11 Cases, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the Confirmation of the Plan.   In addition, the

Publication Notice will provide sufficient notice to persons who did not otherwise receive notice pursuant to the Notice.

**VI.    Conditional Waiver of Requirements for the Creditors' Meeting and the Schedules and Statements**

55.    The Debtors submit that the circumstances of the Chapter 11 Cases merit a conditional waiver of the requirement that the U.S. Trustee convene the Creditors' Meeting and a conditional extension of the date by which the Debtors must file the Schedules and Statements. This relief is appropriate under the circumstances because the Debtors anticipate obtaining approval of the Disclosure Statement and entry of the Confirmation Order within less than sixty (60) days hereof, subject to the Court's availability, and is consistent with other prepackaged chapter 11 cases.

**A.    Creditors' Meeting**

56.    Although section 341(a) of the Bankruptcy Code typically requires the U.S. Trustee to convene and preside over the Creditors' Meeting, the Court can waive such a requirement "for cause." Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e); see, e.g., In re David's Bridal, Inc., Case No. 18-12635 (LSS) (Bankr. D. Del. Nov. 20, 2018) (conditionally waiving the requirement to hold the creditors' meeting); In re Mattress Firm, Inc., Case No. 18-12241 (CSS) (Bankr. D. Del. Oct. 9, 2018) (same). As discussed above, the Debtors solicited acceptance of the Plan before the Petition Date and received acceptances from the requisite number of creditors and amount of claims in the Voting Class. Additionally, the Debtors worked closely with the Asbestos Claimants Committee prior

to the Petition Date to negotiate the terms of the Plan.  The Debtors also believe, based on their books and records, that they have very few creditors other than Holders of Asbestos Personal Injury Claims, and any such Holders are Unimpaired under the Plan.  On this basis, the Debtors submit that cause exists for the Court to grant the relief contemplated by section 341(e) of the Bankruptcy Code.  The Debtors intend to proceed expeditiously to confirm the Plan within sixty (60) days from the Petition Date and emerge from chapter 11 promptly thereafter.  The Debtors also believe that the interests of Holders in the Voting Class are adequately represented through the Asbestos Claimants Committee, and in any event have voted unanimously to accept the Plan in both number and amount.  Accordingly, given the timeline for confirmation of the Plan requested by the Debtors in this Motion, the Debtors propose that the Court direct that the Creditors' Meeting be deferred until confirmation of the Plan and need not be convened unless the Plan is not confirmed before April 22, 2019 or such later date as may be determined by the Court.[9]  This Court has granted the requested conditional waiver in other prepackaged chapter 11 cases.  See, e.g., In re Se. Grocers, LLC, Case No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018); In re HCR ManorCare, Inc., Case No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); In re Orchard Acquisition Co., Case No. 17-12914 (KG) (Bankr. D. Del. Dec. 13, 2017); In re Am. Gilsonite Co., No. 16-12316 (CSS) (Bankr. D. Del. Oct. 26, 2016).

57.    The Debtors request that the relief requested herein be granted without prejudice to the Debtors' ability to seek a further extension or modification of the requirement for the U.S. Trustee to convene the Creditors' Meeting.  The Debtors also request that the Court authorize the Debtors to further extend the deadline to convene a Creditors' Meeting without filing a

---

[9] Following Confirmation of the Plan by this Court, the Debtors intend to seek affirmance of the Confirmation Order by the District Court in order to approve the Asbestos Personal Injury Channeling Injunction.

supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

### B.      Schedules and Statements

58.      The Debtors also request that the time for filing the Schedules and Statements be extended until April 22, 2019 and be waived in the event the Plan is confirmed by this Court on or prior to that date.  Section 521 of the Bankruptcy Code requires a debtor to file the Schedules and Statements unless the court orders otherwise.  Schedules and Statements must be filed within fourteen (14) days after the Petition Date.  FED. R. BANKR. P. 1007(c).  As a matter of course, the Debtors are entitled to an automatic extension of twenty-eight (28) days from the Petition Date because they filed a list of creditors contemporaneously with their petitions and have in excess of 200 creditors.  See DEL. BANKR. L.R. 1007-1(b).  Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), the Court has authority to grant a further extension "for cause." Extensions for cause merely requires that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice to the adverse party."  See, e.g., Bryant v. Smith, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extension under Bankruptcy Rule 1007) (citations omitted).

59.      Here, cause exists to extend the deadline to file the Schedules and Statements. The primary justification for requiring the Debtors to file the Schedules and Statements—to allow interested parties to assess the Debtors' assets and liabilities and thereafter negotiate and confirm a plan of reorganization—does not exist in the Chapter 11 Cases.   Under the circumstances, the benefits of filing the Schedules and Statements are heavily outweighed by the costs.  Preparing the Schedules and Statements would be time consuming and distracting to the Debtors' management and advisors at a time when they are focused on achieving expedited Confirmation of the Plan, and would be costly to the Debtors' estates.  Given the requested

accelerated Confirmation timeline of the Chapter 11 Cases and structure of the Plan, the Schedules and Statements would also be of limited utility to most parties in interest. The minimal benefit of requiring the Debtors to prepare the Schedules and Statements following the Petition Date would be significantly outweighed by the substantial expenditure of time and resources the Debtors and their professionals would be required to devote to the preparation and filing of such documents. No party in interest would be prejudiced by the Court granting the Debtors' request for an extension because the Debtors have proposed the Plan, under which General Unsecured Claims will be Unimpaired.

60.     Accordingly, the Debtors request that the Court waive the requirement that the Debtors file the Schedules and Statements, provided that the Debtors obtain entry of the Confirmation Order by this Court on or before April 22, 2019. This Court has granted the requested conditional waiver in other prepackaged chapter 11 cases. See, e.g., In re Se. Grocers, LLC, Case No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018); In re HCR ManorCare, Inc., Case No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); In re Orchard Acquisition Co., Case No. 17-12914 (KG) (Bankr. D. Del. Dec. 13, 2017); In re Am. Gilsonite Co., No. 16-12316 (CSS) (Bankr. D. Del. Oct. 26, 2016).

## NOTICE

61.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the firms listed on the Debtors' consolidated list of twenty-five (25) law firms representing the largest numbers of asbestos plaintiffs asserting claims against the Debtors; (iii) the creditors listed on the Debtors' consolidated list of creditors holding unsecured claims against the Debtors other than asbestos-related claims; (iv) counsel to Meritor; (v) counsel to the prepetition Asbestos Claimants Committee; (vi) counsel to the prepetition Future Claimants' Representative; (vii) the United States Attorney's Office for the District of Delaware; (viii) the Internal Revenue Service;

(ix) the United States Department of Justice; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  January 22, 2019
Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Conlan
Andrew F. O'Neill
Allison Ross Stromberg
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

SIDLEY AUSTIN LLP
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

-and-

COLE SCHOTZ P.C.

*/s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION