**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAREMONT CORPORATION, <u>et al.</u>,[1] | Case No. 19-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER (I) SCHEDULING COMBINED HEARING TO CONSIDER
APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF
PREPACKAGED PLAN, (II) ESTABLISHING THE PLAN AND DISCLOSURE
STATEMENT OBJECTION DEADLINE AND RELATED PROCEDURES,
(III) APPROVING THE SOLICITATION PROCEDURES AND FORMS OF BALLOTS,
(IV) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMBINED
HEARING, OBJECTION DEADLINE, AND NOTICE OF COMMENCEMENT,
(V) CONDITIONALLY DIRECTING THAT A MEETING OF CREDITORS NOT
BE CONVENED, (VI) CONDITIONALLY EXTENDING DEADLINE TO FILE
<u>SCHEDULES AND STATEMENTS, AND (VII) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of Maremont Corporation and its affiliated debtors and

debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>") for

entry of an order (this "<u>Order</u>") (i) scheduling the Combined Hearing on the adequacy of the

Disclosure Statement and Confirmation of the Plan; (ii) establishing the Objection Deadline and

approving certain related procedures; (iii) conditionally approving the Solicitation Procedures;

(iv) approving the form and manner of the Notice; (v) conditionally directing that the U.S.

Trustee refrain from convening the Creditors' Meeting under section 341(a) of the Bankruptcy

Code; (vi) conditionally extending the date by which the Debtors must file their Schedules and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc. (9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation) (9286). The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road, Troy, MI 48084.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Statements; and (vii) granting certain related relief, all as more fully set forth in the Motion; and

upon consideration of the First Day Declaration and the Voting Declaration; and the Court being

able to issue a final order consistent with Article III of the United States Constitution; and venue

of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

appropriate notice of and the opportunity for a hearing on the Motion having been given and it

appearing that no other or further notice need be provided; and this Court having reviewed the

Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or

overruled; and the relief requested in the Motion being in the best interests of the Debtors'

estates, their creditors and other parties in interest; and this Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED

THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Combined Hearing (at which time this Court will consider, among other

things, the adequacy of the Disclosure Statement and Confirmation of the Plan) shall be held

before this Court on _____, 2019 at __:___ a.m. / p.m. (prevailing Eastern Time).  The

Combined Hearing may be adjourned from time to time by the Court without further notice other

than adjournments announced in open court or in the filing of a notice or a hearing agenda in the

Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case

docket.

3.      The schedule set forth below relating to the Chapter 11 Cases and Confirmation

of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule

of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Event | Proposed Dates/Deadlines |
|---|---|
| Mailing of Notice Deadline | January 25, 2019 |
| Second Day Hearing Date | February 25, 2019 |
| Plan Supplement Filing Date | February 15, 2019 |
| Objection Deadline | March 4, 2019 |
| Reply Deadline | March 11, 2019 |
| Confirmation Order Deadline | March 11, 2019 |
| Confirmation Brief Deadline | March 11, 2019 |
| Combined Hearing Date | March 14, 2019 |

4.      The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of the Chapter 11 Cases.

5.      Any responses or objections to the adequacy of the Disclosure Statement or Confirmation of the Plan must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court, together with a proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on March 4, 2019** (the "Objection Deadline").  In addition to being filed with the Court, any such response or objection must also be served on the following parties, so as to be received by no later than the Objection Deadline: (i) the Debtors, Maremont Corporation, 2135 West Maple Road, Troy, Michigan 48084, Attn: Carl D. Anderson, II; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Andrew F. O'Neill and Blair M. Warner; (iii)

proposed co-counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Norman L. Pernick and J. Kate Stickles; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (v) counsel to Meritor, 2135 West Maple Road, Troy, Michigan 48084, Attn: Loree J. Shelko; (vi) counsel to the prepetition Asbestos Claimants Committee, Robinson & Cole LLP, 1000 North West Street, Suite 1200, Wilmington, Delaware 19801, Attn: Natalie D. Ramsey, and Robinson & Cole LLP, Chrysler East Building, 666 Third Avenue, 20th Floor, New York, New York 10017, Attn: Mark A. Fink; (vii) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; and (viii) counsel to any statutory committee appointed in the Chapter 11 Cases. **Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.**

6.      The Debtors and any other parties supporting Confirmation shall, on or before March 11, 2019, file with the Court (a) any replies in support of the Disclosure Statement or the Plan, (b) the Confirmation Order, and (c) the Confirmation Brief.

7.      The Solicitation Procedures utilized for the distribution of the Solicitation Package as set forth in the Motion in soliciting acceptances and rejections of the Plan are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

8.      The Ballots, in substantially the forms attached to the Motion as **Exhibits B-1** and **B-2**, are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

9.      The Tabulation Procedures used for the tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

10.     The Debtors are authorized to mail the Notice to the Non-Voting Classes, in accordance with the terms of this Order, in lieu of sending such Non-Voting Classes copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Classes are hereby waived with respect to such Non-Voting Classes.

11.     Notice of the Combined Hearing as proposed in the Motion and the form of Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; provided that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Plan to creditors or parties in interest other than as prescribed in this Order shall be waived.  The Debtors shall cause the Claims and Noticing Agent to mail a copy of the Notice to the parties set forth in the Motion no later than January 25, 2019, or as soon as reasonably possible thereafter, provided that the Notice shall be made no later than the date that is twenty-eight (28) days prior to the Objection Deadline.  The notice procedures set forth in the Motion and herein constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the

adequacy of the Disclosure Statement and Confirmation of the Plan, and no other or further notice shall be necessary.  The Debtors are not required to mail a copy of the Plan or Disclosure Statement to Holders of Claims or Interests in the Classes deemed to accept or reject the Plan; provided, however, that if any Holder of a Claim or Interest requests the Debtors, Debtors' counsel or the Claims and Noticing Agent for a copy of the Plan and/or Disclosure Statement, regardless of whether such Holder is in the Voting Class, Debtors' counsel or the Claims and Noticing Agent shall serve the requested document or documents on such Holder, at the Debtors' cost, no later than two (2) business days from the date such request is made.

12.     The Debtors shall also serve the Notice of the Combined Hearing on (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) any statutory committee appointed in these Chapter 11 Cases; (v) all law firms representing Class 4 claimants based on the Debtors' books and records; (vi) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases; (vii) all state and local taxing authorities in the states in which the Debtors have tax liability; (viii) the Environmental Protection Agency; (ix) all federal, state and local authorities that regulate any portion of the Debtors' business; (x) the Securities and Exchange Commission; and (xi) all counterparties to executory contracts and unexpired leases no later than January 25, 2019, or as soon as reasonably possible thereafter, provided that the Notice shall be made no later than the date that is twenty-eight (28) days prior to the Objection Deadline.

13.     Within forty-eight (48) hours of the service of the Notice, the Debtors shall cause various chapter 11 related documents to be posted to the website (if not already posted thereon), including among others, the following: (a) the Plan; (b) the Disclosure Statement; (c) the Motion

and this Order; and (d) the Notice. The website address is: www.donlinrecano.com/maremontch11.

14.     The Debtors are authorized, pursuant to Bankruptcy Rule 2002(l), to provide supplemental publication notice of the Combined Hearing by publishing a notice of the Combined Hearing on a date no later than seven (7) business days after entry of this Order, or as soon as reasonably possible thereafter.

15.     The U.S. Trustee shall not schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code unless a Plan is not confirmed by this Court on or before April 22, 2019, without prejudice to the Debtors' right to request further extension thereof.

16.     Cause exists to extend the time by which the Debtors must file the Schedules and Statements until April 22, 2019, without prejudice to the Debtors' right to request further extensions thereof.  If the Plan is confirmed by this Court on or before April 22, 2019, the requirement to file the Schedules and Statements in the Chapter 11 Cases shall be excused without further order of this Court or any further action by the Debtors.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2019                    _____
Wilmington, Delaware                              UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Proposed Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAREMONT CORPORATION, et al.,[1] | Case No. 19-_____ (___) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. __ |

---

**AS FURTHER DESCRIBED HEREIN, PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

---

### NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES, (II) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION, AND RELATED MATTERS, (III) OBJECTION DEADLINE AND RELATED PROCEDURES, AND (IV) SUMMARY OF THE PLAN

**NOTICE IS HEREBY GIVEN** as follows:

On January 22, 2019, (the "Petition Date"), Maremont Corporation ("Maremont") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Joint Prepackaged Chapter 11 Plan of Reorganization of Maremont Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") and a proposed *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Maremont Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").  Copies of the Plan and the Disclosure Statement may be obtained by contacting Debtors' claims and noticing agent, Donlin, Recano & Company, Inc. (the "Claims and Noticing Agent"), by telephone at (212) 771-1128 or by email at maremontinfo@donlinrecano.com.  The Plan and the Disclosure Statement are also available for inspection: (i) between the hours of 8:00

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc. (9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation) (9286).  The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road, Troy, MI 48084.

a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, excluding federal holidays, at the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; (ii) at the Court's website at http://www.deb.uscourts.gov (a PACER account is required); or (iii) free of charge, at the Debtors' restructuring website maintained by the Claims and Noticing Agent at www.donlinrecano.com/maremontch11.[2]

The Plan is a "prepackaged" plan of reorganization agreed to by the Debtors, Meritor, Inc. ("Meritor"), the non-debtor direct or indirect parent company of each of the Debtors, the prepetition Asbestos Claimants Committee, and the prepetition Future Claimants' Representative. The primary features of the Plan are as follows:

- The centerpiece of the Plan is the creation of the Asbestos Personal Injury Trust under section 524(g) of the Bankruptcy Code and the Asbestos Personal Injury Channeling Injunction, which will enjoin and channel all Class 4 Asbestos Personal Injury Claims to the Asbestos Personal Injury Trust. Class 4 is the only Class of Claims or Interests that was entitled to vote on the Plan. The scope of the proposed injunction will, *inter alia*, cover all current and future asbestos-related personal injury and wrongful death Claims, Demands, and Causes of Action based in whole or in part on actual or alleged conduct or products of Maremont, Maremont Exhaust Products, Inc., AVM, Inc., or Former Ride Control Operating Company, Inc. and the Debtors' predecessors and certain successors-in-interest.

- The Asbestos Personal Injury Trust will be funded with: (i) up to approximately $50 million in Cash, consisting of a $28 million Settlement Payment from Meritor, the Intercompany Loan Payment, which amount was approximately $20 million as of the Petition Date, and all Cash and Cash equivalents held by the Debtors as of the Effective Date; (ii) the assignment of 100% of the settled Maremont Insurance coverage owed to the Debtors, as such proceeds and coverage obligations may be amended and as more fully described in the Plan; and (iii) 100% of the new common stock of Reorganized Maremont. Maremont owns a commercial property worth approximately $1.4 million that generates rental income pursuant to a lease, which will be assumed pursuant to the Plan such that Reorganized Maremont can continue to manage and benefit from revenue generated by the lease for the Asbestos Personal Injury Trust.

- In addition to the contributions described above, Meritor will also make the following contributions: (i) Meritor will contribute Intercompany Receivables worth approximately $165 million in total owed to Meritor by certain of the Debtors to Debtor Maremont, which will enable Maremont to contribute or cancel them; and (ii) one or more Responsible Meritor Affiliates will assume the Environmental Claims – which are currently estimated at approximately $4.2 million – from the Reorganized

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and the Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms set forth herein and the terms of the Plan or the Disclosure Statement, the Plan or the Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

Debtors, and Meritor HVS will indemnify and hold harmless the Reorganized Debtors and their affiliates for any such Environmental Claims.

- All Claims other than Class 4 Asbestos Personal Injury Claims are Unimpaired under the Plan, including General Unsecured Claims, and will be paid in full or reinstated, with the exception of the Intercompany Claims in Class 6. At the Debtors' or Reorganized Debtors' election, the Holders of Claims in Class 6 are either Impaired or Unimpaired and are conclusively deemed to have accepted or rejected the Plan, as applicable. As a result, Holders of Intercompany Claims in Class 6 were not entitled to vote on the Plan.

*The Holders of Asbestos Personal Injury Claims in Class 4 who submitted ballots, as the only class that voted on the Plan, voted unanimously to accept the Plan – as a result, Class 4 voted in the requisite amounts needed to confirm the Plan and to authorize the injunctions set forth therein.* The Debtors believe that any valid alternative to confirmation of the Plan could result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize any recoveries for Holders of Allowed Claims and Interests.

## Objections to the Plan or Disclosure Statement

Any objections (each, an "Objection") to the Plan or the Disclosure Statement must: (i) be in writing; (ii) comply with the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and any orders of the Court; and (iii) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such Objection.

Objections must be filed with the Court <u>and</u> served upon the following parties (collectively, the "Notice Parties") no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2019**: (i) the Debtors, Maremont Corporation, 2135 West Maple Road, Troy, Michigan 48084, Attn: Carl D. Anderson, II; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Andrew F. O'Neill and Blair M. Warner; (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Norman L. Pernick and J. Kate Stickles; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (v) counsel to Meritor, 2135 West Maple Road, Troy, Michigan 48084, Attn: Loree J. Shelko; (vi) counsel to the prepetition Asbestos Claimants Committee, Robinson & Cole LLP, 1000 North West Street, Suite 1200, Wilmington, Delaware 19801, Attn: Natalie D. Ramsey, and Robinson & Cole LLP, Chrysler East Building, 666 Third Avenue, 20th Floor, New York, New York 10017, Attn: Mark A. Fink; (vii) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; and (viii) counsel to any statutory committee appointed in the Chapter 11 Cases.

---

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

---

## Hearing on Confirmation of the Plan, the Adequacy of the Disclosure Statement, and Related Matters

The hearing (the "Combined Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, __ floor, in Courtroom ____ of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on _____, **2019, at ___:___ __.m. (prevailing Eastern Time)** to consider the adequacy of the Disclosure Statement, Confirmation of the Plan, any Objections to any of the foregoing, and any other matter that may properly come before the Court.  Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment or hearing agenda filed with the Court.

## Section 341(a) Meeting of Creditors

A meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Creditors' Meeting") will be deferred until April 22, 2019.  **If the Plan is confirmed by April 22, 2019, a Creditors' Meeting will not be convened.**  If the Creditors' Meeting will be convened, the Debtors will file, serve on the parties to whom it served this Notice, and post on the Claims and Noticing Agent's website at www.donlinrecano.com/maremontch11, not less than seven (7) days before the date scheduled for such meeting, a notice of the date, time, and place of the Creditors' Meeting.  The Creditors' Meeting may be adjourned or continued from time to time by notice at such meeting, without further notice to creditors.

## Summary of Plan Treatment and Expected Recoveries

The following chart summarizes the treatment provided by the Plan to each Class of Claims and Interests in the Debtor, and indicates the voting status of each Class.

| Class | Claim or Interest | Voting Rights | Treatment | Plan Recovery |
|---|---|---|---|---|
| N/A | Administrative Expense Claims | N/A | Unimpaired | 100% |
| N/A | Priority Tax Claims | N/A | Unimpaired | 100% |
| 1 | Priority Non-Tax Claims | Not Entitled to Vote / Presumed to Accept | Paid in full / Unimpaired | 100% |
| 2 | Secured Claims | Not Entitled to Vote / Presumed to Accept | Paid in full / Unimpaired | 100% |
| 3 | General Unsecured Claims | Not Entitled to Vote / Presumed to Accept | Paid in full / Unimpaired | 100% |

4

| 4 | Asbestos Personal Injury Claims | Entitled to Vote | Paid in accordance with Asbestos Personal Injury Trust Agreement and Asbestos Personal Injury Trust Distribution Procedures / Impaired | 29.1%[3] |
| 5 | Environmental Claims | Not Entitled to Vote / Presumed to Accept | Reinstated / Assumed and Assigned to Responsible Meritor Affiliate(s) / Unimpaired | 100% |
| 6 | Intercompany Claims | Not Entitled to Vote / Deemed to Reject or Presumed to Accept | Impaired / Unimpaired | 0% / 100% |
| 7 | Maremont Equity Interests | Not Entitled to Vote / Deemed to Reject | Canceled / Impaired | 0% |
| 8 | Inter-Debtor Interests | Not Entitled to Vote / Presumed to Accept | Reinstated / Unimpaired | 100% |

## Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:[4]

### A.    Relevant Definitions

*"Exculpated Fiduciaries"* means each of: (a) the Debtors; (b) the Reorganized Debtors; (c) the Asbestos Claimants Committee; (d) the Future Claimants' Representative; and (e) to the fullest extent permitted by applicable law, with respect to each of the foregoing Entities in clauses (a) through (d), each such Entity's Representatives, in each case solely in its capacity as such.

*"Exculpated Parties"* means, collectively, the Exculpated Fiduciaries and the Section 1125(e) Parties.

*"Meritor-Indemnified Representative"* means any Representative of any Debtor either entitled to indemnification by Meritor or any other Non-Debtor Affiliate for which Meritor or any other Non-Debtor Affiliate provides insurance coverage.

*"Meritor Related Parties"* means the Non-Debtor Affiliates and their respective officers, directors, shareholders, employees, professionals, and consultants, and the assignees and successors of any of the foregoing (in their respective capacities as such).

---

[3] The current initial payment percentage assumes initial funding of not less than $58 million. Should the initial funding be between $58 million and $65 million, the initial payment percentage will increase proportionately. To the extent the Asbestos Personal Injury Trust is funded with less than $58 million or more than $65 million the initial payment percentage may be adjusted.

[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.

5

*"Non-Debtor Affiliates"* means (a) Meritor and all current and former affiliates of Meritor other than the Debtors and (b) all former affiliates and predecessors of the Debtors, including those set forth on Exhibit H to the Plan, and their respective successors and assigns, solely in their respective capacities as such.

*"Non-Estate Representative Released Parties"* means (a) Meritor and the other Non-Debtor Affiliates, (b) the Settling Insurers, solely in their capacity as such, (c) any Representative of the Entities set forth in clauses (a) and (b) of this definition, and (d) any Meritor-Indemnified Representative.

*"Non-Indemnified Party"* means a former affiliate of Meritor or Representative of a former affiliate of Meritor (solely in such Representative's capacity as such) that neither Meritor nor any current affiliate of Meritor is obligated to indemnify pursuant to a valid contractual obligation.

*"Protected Party"* means any (i) Debtor, (ii) Reorganized Debtor, (iii) Meritor Related Party, (iv) Settling Insurer, or (v) Representative of any of the parties included in (i) through (iv) or successor-in-interest of any of the parties included in (i) through (iv), in each case that is not a Non-Indemnified Party.

*"Released Parties"* means each of: (a) the Debtors; (b) the Reorganized Debtors; (c) the Asbestos Claimants Committee, solely in its capacity as such; (d) the Future Claimants' Representative, solely in his capacity as such; and (e) to the fullest extent permitted by applicable law, with respect to each of the foregoing Entities in clauses (a) through (d), each such Entity's Representatives (other than the Meritor-Indemnified Representatives).

*"Section 1125(e) Parties"* means the Non-Debtor Affiliates and each of the Exculpated Fiduciaries' and Non-Debtor Affiliates' Representatives, in each case solely in its capacity as such.

## B.    Discharge of the Debtors and the Reorganized Debtors

**Except as specifically provided in the Plan or in the Confirmation Order, pursuant to sections 524 and 1141(d)(1)(A) of the Bankruptcy Code, confirmation of the Plan shall discharge the Debtors and the Reorganized Debtors on the Effective Date from any and all Claims and Demands of any nature whatsoever, including, without limitation, all Claims and liabilities that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) and 502(i) of the Bankruptcy Code whether or not:  (a) a Proof of Claim based on such Claim was filed under section 501 of the Bankruptcy Code, or such Claim was listed on any of the Debtors' Schedules; (b) such Claim is or was allowed under section 502 of the Bankruptcy Code; or (c) the Holder of such Claim has voted on or accepted the Plan.  Except as otherwise specifically provided for in the Plan, as of the Effective Date, the rights provided in the Plan to Holders of Claims, Demands and Interests shall be in exchange for and in complete satisfaction, settlement and discharge of all Claims (including, without limitation, Asbestos Personal Injury Claims) and Demands against, Liens on, and Interests in the Debtors, the Reorganized Debtors and all of their respective assets and properties.**

**C.      Maremont Discharge Injunction**

Except as specifically provided in the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims or Demands against any Debtor are permanently enjoined, on and after the Effective Date, from:  (a) commencing or continuing in any manner any action or other proceeding of any kind against any Debtor, Reorganized Debtor, or their respective property with respect to such Claim or Demand; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against any Debtor, Reorganized Debtor, or their respective property with respect to such Claim or Demand; (c) creating, perfecting, or enforcing any Encumbrance of any kind against any Debtor, Reorganized Debtor, or their respective property with respect to such Claim or Demand; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to any Debtor or against the property or interests in property of any Debtor, with respect to such Claim or Demand; and/or (e) commencing or continuing any action, in any manner and in any place in the world, against any Debtor, Reorganized Debtor, or their respective property that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.  The foregoing injunction shall extend to the successors of the Debtors (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property.  The discharge provided in this provision shall void any judgment obtained against any Debtor at any time, to the extent that such judgment relates to a discharged Claim or Demand.

**D.      Asbestos Personal Injury Channeling Injunction**

1.      <u>Terms</u>.  Pursuant to section 524(g) of the Bankruptcy Code, from and after the Effective Date, the sole recourse of any Holder of an Asbestos Personal Injury Claim on account of such Asbestos Personal Injury Claim shall be to the Asbestos Personal Injury Trust pursuant to Section VIII.C.1 of the Plan and the Asbestos Personal Injury Trust Distribution Procedures, and such Holder shall have no right whatsoever at any time to assert its Asbestos Personal Injury Claim against any Protected Party or any property or interest in property of any Protected Party.  On and after the Effective Date, all present and future Holders of Asbestos Personal Injury Claims shall be permanently and forever stayed, restrained, barred and enjoined from taking any of the following actions for the purpose of, directly or indirectly or derivatively collecting, recovering, or receiving payment of, on, or with respect to any Asbestos Personal Injury Claim other than from the Asbestos Personal Injury Trust pursuant to the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures:

a.      commencing, conducting, or continuing in any manner, directly, indirectly or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interests in property of any Protected Party;

b.      enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other

order against any Protected Party or any property or interests in property of any Protected Party;

c. creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Encumbrance against any Protected Party or any property or interests in property of any Protected Party;

d. setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and

e. proceeding in any manner in any place with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Asbestos Personal Injury Trust, except in conformity and compliance with the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures.

2.      <u>Reservations</u>.  The Asbestos Personal Injury Channeling Injunction shall not stay, restrain, bar, or enjoin:

a. the rights of Holders of Asbestos Personal Injury Claims to assert Asbestos Personal Injury Claims against the Asbestos Personal Injury Trust in accordance with the Asbestos Personal Injury Trust Distribution Procedures; and

b. the rights of Entities to assert any Claim, debt, obligation, or liability for payment of Asbestos Personal Injury Trust Expenses against the Asbestos Personal Injury Trust.

E.      **Exculpation**

None of the Exculpated Fiduciaries and, solely to the extent provided by section 1125(e) of the Bankruptcy Code, non of the Section 1125(e) Parties shall have or incur any liability to any Entity for any act or omission in connection with, related to, or arising out of: (a) the Chapter 11 Cases; (b) the negotiation, formulation and preparation of the Plan and the other Plan Documents, and any of the terms and/or settlements and compromises reflected in the Plan and the other Plan Documents; (c) the solicitation of votes in favor of the Plan and pursuit of confirmation of the Plan; (d) the consummation of the Plan, or administration of the Plan or the property to be distributed under the Plan or the Asbestos Personal Injury Trust Distribution Procedures; (e) the releases and injunctions contained in the Plan; or (f) the management or operation of any Debtor, except for any liability that results primarily from such Entity's willful misconduct or gross negligence as determined by a Final Order, and, in all respects, the Debtors, the Reorganized Debtors, and each of the other Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities in and under the Chapter 11 Cases, the Plan and

the Plan Documents.  Without limiting the generality of the foregoing, the Exculpated Parties shall be entitled to and granted the protections and benefits of section 1125(e) of the Bankruptcy Code.

**F.        Releases by the Debtors and Estate and Related Injunction**

        **1.        Except as otherwise expressly provided in the Plan or the Confirmation Order (including with respect to the treatment of the FFIC Agreement, the Zurich Agreement and the Everest Agreement), on the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors, and any Entity seeking to exercise the rights of the Estates, in each case, whether individually or collectively, including, without limitation, any successor to any Debtor or any Estate representative appointed or selected pursuant to the applicable provisions of the Bankruptcy Code, shall, and shall be deemed to, completely and forever release, waive and discharge unconditionally the Non-Estate Representative Released Parties from any and all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities which any of the Debtors, their respective Estates, or Reorganized Debtors is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, whether direct, indirect, or derivative, based upon, attributable to, or arising out of, in whole or in part, any act or omission, transaction, or occurrence taking place on or prior to the Effective Date (including prior to the Petition Date) (other than the rights under the Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, without limitation, the Non-Estate Representative Released Party Claims.**

        **2.        Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors, and any Entity seeking to exercise the rights of the Estates, in each case whether individually or collectively, including, without limitation, any successor to any Debtor or any Estate representative appointed or selected pursuant to the applicable provisions of the Bankruptcy Code, shall, and shall be deemed to, completely and forever release, waive and discharge unconditionally the Released Parties (other than the Non-Estate Representative Released Parties, which Parties are the subject of Section VIII.E.1 of the Plan) from any and all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities which any of the Debtors, their Estates, or Reorganized Debtors is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, whether direct, indirect, or derivative, based upon, attributable to, arising out of, in whole or in part, any act or omission, transaction, or occurrence taking place on or prior the Effective Date (including prior to the Petition Date) (other than the rights under the Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder); provided, however, that nothing contained in Section VIII.E.2 of the Plan is intended to operate as a release of any liability based upon gross negligence or willful misconduct as determined by a Final Order.**

3.      Except as provided in the Plan or the Confirmation Order, the Debtors, the Reorganized Debtors, and all Entities seeking to exercise the rights of any Debtor's Estate, in each case, whether individually or collectively, including, without limitation, any successor to any Debtor or any Debtor's Estate representative appointed or selected pursuant to the applicable provisions of the Bankruptcy Code, are permanently enjoined from taking any of the following actions on account of or based upon any and all Claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities released pursuant to Section VIII.E of the Plan: (a) commencing or continuing any action or other proceeding against the Released Parties or the Non-Estate Representative Released Parties or their respective property; (b) enforcing, attaching, collecting or recovering any judgment, award, decree or order against the Released Parties or the Non-Estate Representative Released Parties or their respective property; (c) creating, perfecting or enforcing any Encumbrance against the Released Parties or the Non-Estate Representative Released Parties or their respective property; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Released Parties or the Non-Estate Representative Released Parties or against their respective property; and (e) commencing or continuing any action, in any manner and in any place in the world, against the Released Parties or the Non-Estate Representative Released Parties that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.  Notwithstanding the foregoing, the rights of the Debtors and the Reorganized Debtors, and any and all Entities seeking to exercise the rights of any Debtor's Estate, against FFIC under the FFIC Agreement shall not be released and shall be preserved as set forth in the Plan.

G.      Release by Holders of Claims and Interests

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Holder of a Claim or Demand against, or Interest in, any of the Debtors who receives a Distribution pursuant to the Plan or who votes to approve the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suites, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities whatsoever against the Released Parties and the Non-Estate Representative Released Parties, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estate, the conduct of the Debtors' business, the Chapter 11 Cases, the Plan or the Reorganized Debtors (other than the rights under the Plan, the Plan Documents, and the contracts, instruments, releases and other agreements or documents delivered or to be delivered hereunder), including, for the avoidance of doubt, any and all Causes of Action that the Holder of an Asbestos Personal Injury Claim, the Asbestos Personal Injury Trust, or the Future Claimants Representative did or could have commenced against any officer or director of any of the Debtors (in such capacity) that is based upon or arising from any acts or omissions of such officer or director occurring prior to the Effective Date on account of such Asbestos Personal Injury Claim, to the fullest extent permitted under section 524(g) of the Bankruptcy Code and applicable law (as now in effect or subsequently extended); provided, however, that nothing contained in Section VIII.F.1 of the Plan is intended to (i) operate as a release of (a) any claims, debts, obligations, rights, suits,

10

**damages, actions, causes of action, remedies, and liabilities of the United States or any enforcement or regulatory agency8 thereof; (b) any claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities of any State or any enforcement or regulatory agency of any State, under state or federal environmental laws; or (c) any criminal liability under the laws of the United States or any State, or (ii) affect the treatment of Asbestos Personal Injury Claims pursuant to the Plan and the channeling of Asbestos Personal Injury Claims pursuant to the Asbestos Personal Injury Channeling Injunction.**

Dated: _____, 2019
Wilmington, Delaware

SIDLEY AUSTIN LLP
James F. Conlan
Andrew F. O'Neill
Allison Ross Stromberg
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

SIDLEY AUSTIN LLP
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

-and-

COLE SCHOTZ P.C.

_____

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

11