# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAREMONT CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10118 (KJC)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 9 |

**ORDER (I) SCHEDULING COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PREPACKAGED PLAN, (II) ESTABLISHING THE PLAN AND DISCLOSURE STATEMENT OBJECTION DEADLINE AND RELATED PROCEDURES, (III) APPROVING THE SOLICITATION PROCEDURES AND FORMS OF BALLOTS, (IV) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMBINED HEARING, OBJECTION DEADLINE, AND NOTICE OF COMMENCEMENT, (V) CONDITIONALLY DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED, (VI) CONDITIONALLY EXTENDING DEADLINE TO FILE SCHEDULES AND STATEMENTS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Maremont Corporation and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors") for entry of an order (this "Order") (i) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and Confirmation of the Plan; (ii) establishing the Objection Deadline and approving certain related procedures; (iii) conditionally approving the Solicitation Procedures; (iv) approving the form and manner of the Notice; (v) conditionally directing that the U.S. Trustee refrain from convening the Creditors' Meeting under section 341(a) of the Bankruptcy Code; (vi) conditionally extending the date by which the Debtors must file their Schedules and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc. (9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation) (9286). The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road, Troy, MI 48084.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Statements; and (vii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Voting Declaration; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The relief requested in the Motion is GRANTED as set forth herein.

    2.    The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and Confirmation of the Plan) shall be held before this Court on __March 18__, 2019 at __1:00__ p.m. (prevailing Eastern Time). The Combined Hearing may be adjourned from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in the Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case docket.

    3.    The schedule set forth below relating to the Chapter 11 Cases and Confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule

of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Event | Dates/Deadlines |
|---|---|
| Mailing of Notice Deadline | January 25, 2019 |
| Second Day Hearing Date | February 25, 2019 at 1:00 p.m. (ET) |
| Plan Supplement Filing Date | February 15, 2019 |
| Objection Deadline | March 4, 2019 at 4:00 p.m. (ET) |
| Reply Deadline | March 12, 2019 |
| Confirmation Order Deadline | March 12, 2019 |
| Confirmation Brief Deadline | March 12, 2019 |
| Combined Hearing Date | March 18, 2019 at 1:00 p.m. (ET) |

4.     The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of the Chapter 11 Cases.

5.     Any responses or objections to the adequacy of the Disclosure Statement or Confirmation of the Plan must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court, together with a proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on March 4, 2019** (the "Objection Deadline"). In addition to being filed with the Court, any such response or objection must also be served on the following parties, so as to be received by no later than the Objection Deadline: (i) the Debtors, Maremont Corporation, 2135 West Maple Road, Troy, Michigan 48084, Attn: Carl D. Anderson, II; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Andrew F. O'Neill and Blair M. Warner;

(iii) proposed co-counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Norman L. Pernick and J. Kate Stickles; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter; (v) counsel to Meritor, 2135 West Maple Road, Troy, Michigan 48084, Attn: Loree J. Shelko; (vi) counsel to the prepetition Asbestos Claimants Committee, Robinson & Cole LLP, 1000 North West Street, Suite 1200, Wilmington, Delaware 19801, Attn: Natalie D. Ramsey, and Robinson & Cole LLP, Chrysler East Building, 666 Third Avenue, 20th Floor, New York, New York 10017, Attn: Mark A. Fink; (vii) counsel to the prepetition Future Claimants' Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady and Edwin J. Harron; and (viii) counsel to any statutory committee appointed in the Chapter 11 Cases. **Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.**

6. The Debtors and any other parties supporting Confirmation shall, on or before March 12, 2019, file with the Court (a) any replies in support of the Disclosure Statement or the Plan, (b) the Confirmation Order, and (c) the Confirmation Brief.

7. The Solicitation Procedures utilized for the distribution of the Solicitation Package as set forth in the Motion in soliciting acceptances and rejections of the Plan are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

8. The Ballots, in substantially the forms attached to the Motion as **Exhibits B-1** and **B-2**, are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

9. The Tabulation Procedures used for the tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

10. The Debtors are authorized to mail the Notice to the Non-Voting Classes, in accordance with the terms of this Order, in lieu of sending such Non-Voting Classes copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Classes are hereby waived with respect to such Non-Voting Classes.

11. Notice of the Combined Hearing as proposed in the Motion and the form of Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; provided that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Plan to creditors or parties in interest other than as prescribed in this Order shall be waived. The Debtors shall cause the Claims and Noticing Agent to mail a copy of the Notice to the parties set forth in the Motion no later than January 25, 2019, or as soon as reasonably possible thereafter, provided that the Notice shall be made no later than the date that is twenty-eight (28) days prior to the Objection Deadline. The notice procedures set forth in the Motion and herein constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the

adequacy of the Disclosure Statement and Confirmation of the Plan, and no other or further notice shall be necessary. The Debtors are not required to mail a copy of the Plan or Disclosure Statement to Holders of Claims or Interests in the Classes deemed to accept or reject the Plan; provided, however, that if any Holder of a Claim or Interest requests the Debtors, Debtors' counsel or the Claims and Noticing Agent for a copy of the Plan and/or Disclosure Statement, regardless of whether such Holder is in the Voting Class, Debtors' counsel or the Claims and Noticing Agent shall serve the requested document or documents on such Holder, at the Debtors' cost, no later than two (2) business days from the date such request is made.

12. The Debtors shall also serve the Notice of the Combined Hearing on (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) any statutory committee appointed in these Chapter 11 Cases; (v) all law firms representing Class 4 claimants based on the Debtors' books and records; (vi) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases; (vii) all state and local taxing authorities in the states in which the Debtors have tax liability; (viii) the Environmental Protection Agency; (ix) all federal, state and local authorities that regulate any portion of the Debtors' business; (x) the Securities and Exchange Commission; and (xi) all counterparties to executory contracts and unexpired leases no later than January 25, 2019, or as soon as reasonably possible thereafter, provided that the Notice shall be made no later than the date that is twenty-eight (28) days prior to the Objection Deadline.

13. Within forty-eight (48) hours of the service of the Notice, the Debtors shall cause various chapter 11 related documents to be posted to the website (if not already posted thereon), including among others, the following: (a) the Plan; (b) the Disclosure Statement; (c) the Motion

and this Order; and (d) the Notice. The website address is: www.donlinrecano.com/maremontch11.

14. The Debtors are authorized, pursuant to Bankruptcy Rule 2002(l), to provide supplemental publication notice of the Combined Hearing by publishing a notice of the Combined Hearing on a date no later than seven (7) business days after entry of this Order, or as soon as reasonably possible thereafter.

15. The U.S. Trustee shall not schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code unless a Plan is not confirmed by this Court on or before April 22, 2019, without prejudice to the Debtors' right to request further extension thereof.

16. Cause exists to extend the time by which the Debtors must file the Schedules and Statements until April 22, 2019, without prejudice to the Debtors' right to request further extensions thereof. If the Plan is confirmed by this Court on or before April 22, 2019, the requirement to file the Schedules and Statements in the Chapter 11 Cases shall be excused without further order of this Court or any further action by the Debtors.

17. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Motion.

19. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: January 23, 2019  
Wilmington, Delaware

KEVIN J. CAREY  
UNITED STATES BANKRUPTCY JUDGE