**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAREMONT CORPORATION, *et al.*,[1] | Case No. 19-10118 (KJC) |
| Debtors. | (Jointly Administered) |

**Hearing Date: February 25, 2019 at 1:00 p.m. (ET)**
**Objection Deadline: February 19, 2019 at 4:00 p.m. (ET)**

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN
AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP,
AS HIS ATTORNEYS, *NUNC PRO TUNC* TO THE PETITION DATE**

James L. Patton, Jr., as the proposed legal representative (the "Future Claimants'
Representative") for persons that have not yet asserted an asbestos-related personal injury claim
against the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11
cases (these "Chapter 11 Cases") but may in the future assert such a claim (the "Future
Claimants"), submits this application (this "YCST Application") for entry of an order, pursuant
to sections 105(a), 524(g) and 1103 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*.
(the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules") and substantially in the form attached hereto as Exhibit C (the "Proposed
Order"), authorizing the Future Claimants' Representative to retain and employ Young Conaway
Stargatt & Taylor, LLP ("Young Conaway") as his attorneys, *nunc pro tunc* to the Petition Date.
In support of this YCST Application, the Future Claimants' Representative relies upon the
Declaration of Edwin J. Harron (the "Harron Declaration"), attached hereto as Exhibit A, and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer
identification number, are: Maremont Corporation (6138); Maremont Exhaust Products, Inc. (9284); AVM, Inc.
(9285); and Former Ride Control Operating Company, Inc. (f/k/a ArvinMeritor, Inc., a Delaware corporation)
(9286).  The mailing address for each Debtor for purposes of these chapter 11 cases is 2135 West Maple Road,
Troy, MI 48084.

represents as follows:

## BACKGROUND

1.      On January 22, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors continue in possession of their properties and continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Debtors filed the *Joint Prepackaged Plan of Reorganization of Maremont Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 10].

2.      No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

3.      On January 31, 2019, the Debtors submitted to this Court a motion for entry of an order appointing James L. Patton, Jr., as the Future Claimants' Representative in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date [Docket No. 44] (the "FCR Appointment Motion").

4.      Contingent upon the Court entering an order appointing Mr. Patton as the Future Claimants' Representative, *nunc pro tunc* to the Petition Date, Mr. Patton seeks to retain Young Conaway as his counsel, *nunc pro tunc* to the Petition Date.

## JURISDICTION

5.      The Court has jurisdiction over this YCST Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The statutory bases for the relief requested herein are sections 105(a), 524(g) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

01:24057791.7

2

## RELIEF REQUESTED

7.        By this YCST Application, the Future Claimants' Representative

respectfully requests the entry of the Proposed Order authorizing him to retain and employ as his

attorneys the law firm of Young Conaway, *nunc pro tunc* to the Petition Date.

## BASIS FOR THE RELIEF SOUGHT

8.        Section 1103(a) of the Bankruptcy Code provides, in relevant part, as

follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

9.        Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.  The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee.  The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

01:24057791.7

10.    Relying upon section 1103(a) of the Bankruptcy Code and Bankruptcy

Rule 2014, courts in chapter 11 cases in many districts have authorized legal representatives for

future claimants to retain counsel to assist them in performing their duties in the bankruptcy

proceedings.  See, e.g., In re Duro Dyne Nat'l Corp., Ch. 11 Case No. 18-27963 (MBK) (Bankr.

D. N.J. 2018); In re Bestwall LLC, Ch. 11 Case No. 17-31795 (LTB) (Bankr. W.D.N.C. 2017);

In re Sepco Corp., Ch. 11 Case No. 16-50058 (AMK) (Bankr. N.D. Ohio 2016); In re Kaiser

Gypsum Co., Ch. 11 Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016); In re Yarway Corp.,

Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013); In re Rapid-Am. Corp., Ch. 11 Case

No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013); In re Metex Mfg. Corp., Ch. 11 Case No. 12-

14554 (BRL) (Bankr. S.D.N.Y. 2012); In re United Gilsonite Labs., Ch. 11 Case No. 11-2032

(Bankr. M.D. Pa. 2011); In re Garlock Sealing Techs., Ch. 11 Case No. 10-31607 (GRH) (Bankr.

W.D.N.C. 2010); In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del.

2010); In re Specialty Prods. Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del.

2010); In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re

The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Mid-Valley,

Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re Met-Coil Sys., Corp., Ch.

11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); In re Glob. Indus. Techs., Inc., Ch. 11

Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re N. Am. Refractories Co., Ch. 11 Case

No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Kaiser Aluminum Corp., Ch. 11 Case No. 02-

10429 (JKF) (Bankr. D. Del. 2002); In re ACandS, Inc., Ch. 11 Case No. 02-12687 (RJN)

(Bankr. D. Del. 2002); In re USG Corp., Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del. 2001);

In re Federal-Mogul Glob. Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re

Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re The

01:24057791.7

4

Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Keene Corp.,

Ch. 11 Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1994); and In re Johns-Manville Corp.,

Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. 1984).  As disclosed below and in the

accompanying Harron Declaration, Young Conaway is counsel to the legal representative in

certain of these cases, among others.

11.    Young Conaway is a general practice, litigation-oriented firm that

maintains national, regional and local practices in the areas of corporate, bankruptcy,

commercial, real estate, personal injury, employment and environmental law.  Young Conaway's

Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the

field of debtors' and creditors' rights and business reorganizations under chapter 11 of the

Bankruptcy Code.  Moreover, Young Conaway has substantial experience in bankruptcy cases

affecting the rights of mass-tort asbestos claimants:

> (a)    Young Conaway represented the legal representative for future
>
> claimants in the following asbestos bankruptcy cases that reached
>
> confirmation:[2] In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS)
>
> (Bankr. D. Del. 2013); In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554
>
> (BRL) (Bankr. S.D.N.Y. 2012); In re United Gilsonite Labs., Ch. 11 Case
>
> No. 11-2032 (Bankr. M.D. Pa. 2011); In re Specialty Prods. Holding
>
> Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re
>
> Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del.
>
> 2010); In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr.
>
> D. Del. 2009); In re Porter-Hayden Co., Ch. 11 Case No. 02-54152-SD

---

[2] Mr. Patton was the future claimants' representative in the following bankruptcy cases: In re Yarway Corporation, In re United Gilsonite Laboratories, and In re Leslie Controls, Inc.

01:24057791.7

5

(Bankr. D. Md. 2006); <u>In re The Flintkote Co.</u>, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); <u>In re Mid-Valley, Inc.</u>, Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); <u>In re ACandS Inc.</u>, Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); <u>In re Kaiser Aluminum Corp.</u>, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); <u>In re N. Am. Refractories Co.</u>, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Glob. Indus. Techs., Inc.</u>, Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Federal-Mogul Glob. Inc.</u>, Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); <u>In re USG Corp.</u>, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); <u>In re Armstrong World Indus., Inc.</u>, Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); <u>In re The Babcock & Wilcox Co.</u>, Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); <u>In re Owens Corning</u>, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); <u>In re Pittsburgh Corning Corp.</u>, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); and <u>In re The Celotex Corp.</u>, Ch. 11 Case No. 90-100016-8B1 (Bankr. M.D. Fla. 1996).  In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in <u>In re Met-Coil Sys. Corp.</u>, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)      Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of <u>In re Duro Dyne Nat'l Corp.</u>, Ch. 11 Case No. 18-27963 (MBK) (Bankr. D. N.J. 2018), <u>In re Bestwall LLC</u>, Ch. 11 Case No. 17-31795 (LTB) (Bankr. W.D.N.C.

2017), In re Kaiser Gypsum Co., Ch. 11 Case No. 16-31602 (JCW)

(Bankr. W.D.N.C. 2016), In re Rapid-Am. Corp., Ch. 11 Case No. 13-

10687 (SMB) (Bankr. S.D.N.Y. 2013), and In re Sepco Corp., Case No.

16-50058 (AMK) (Bankr. N.D. Ohio 2016).[3]

(c)     Young Conaway represents the legal representative for future

claimants in connection with asbestos personal injury settlement trusts[4]

established from the ACandS, Babcock & Wilcox, Celotex, Federal-

Mogul, Kaiser Aluminum, Porter-Hayden, Pittsburgh Corning, Flintkote,

SPHC, UGL, Durabla, Leslie Controls, APG, NARCO, Metex, and

Yarway bankruptcy cases.  In addition, Young Conaway represents the

legal representative for future claimants in connection with the asbestos

and silica settlement trusts established from the Mid-Valley (DII

Industries, LLC) bankruptcy case, the legal representative for future

claimants in connection with the asbestos settlement trust established from

the bankruptcy case of In re Quigley Co., Ch. 11 Case No. 04-15739

(SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future

claimants in connection with the Met-Coil TCE Trust.  Young Conaway

also represents the State Insulation Corporation Asbestos Personal Injury

Trust, of which Mr. Harron serves as the trustee.

---

[3] A motion is pending to appoint Mr. Patton as the future claimants' representative in the case of In re The Fairbanks Co., Ch. 11 Case No. 18-41768-PWB (Bankr. N.D. Ga.). If appointed, Mr. Patton will seek to retain Young Conaway as his counsel in that matter.

[4] Mr. Patton is the future claimants' representative for the Celotex, UGL, Leslie Controls, and Yarway trusts.

01:24057791.7

(d)    Young Conaway represented the debtor in the asbestos-related

chapter 11 case of In re Fuller-Austin Insulation Co., Ch. 11 Case No. 98-

2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

Accordingly, the Future Claimants' Representative believes that Young Conaway is well

qualified to represent him in these Chapter 11 Cases.

## SERVICES TO BE PROVIDED

12.    The services that Young Conaway will perform will enable the Future

Claimants' Representative to execute his duties and responsibilities in connection with these

Chapter 11 Cases.  Subject to further orders of the Court, Young Conaway will render the

following services, among others, to the Future Claimants' Representative:

(a)    Providing legal advice with respect to the Future Claimants'

Representative's powers and duties as Future Claimants' Representative

for the Future Claimants;

(b)    Taking any and all actions necessary to protect and maximize the

value of the Debtors' estates for the purpose of making distributions to

Future Claimants and to represent the Future Claimants' Representative in

connection with negotiating, formulating, drafting, confirming and

implementing a plan(s) of reorganization, and performing such other

functions as are set forth in section 1103(c) of the Bankruptcy Code or as

are reasonably necessary to effectively represent the interests of the Future

Claimants;

01:24057791.7

(c)    Appearing on behalf of the Future Claimants' Representative at hearings, proceedings before the Court, and meetings and other proceedings in these Chapter 11 Cases, as appropriate;

(d)    Preparing and filing, on behalf of the Future Claimants' Representative, all applications, motions, objections, answers, orders, reports, and other legal papers as may be necessary and as may be authorized by the Future Claimants' Representative in connection with these cases;

(e)    Representing and advising the Future Claimants' Representative with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which the Future Claimants' Representative may become a party or otherwise appear in connection with these Chapter 11 Cases; and

(f)    Performing any other legal services and other support requested by the Future Claimants' Representative in connection with these cases.

The services listed above are necessary and essential to the Future Claimants' Representative. Young Conaway has agreed to act on the Futures Claimants' Representative's behalf in all of these respects upon the terms set forth in this YCST Application.

13.    Young Conaway intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.  The attorneys and paralegals

presently designated to represent the Future Claimants' Representative and their current standard

hourly rates are:

| | |
|---|---|
| Robert S. Brady (Partner) | $975 per hour |
| Edwin J. Harron (Partner) | $905 per hour |
| Sara Beth A.R. Kohut (Counsel) | $600 per hour |
| Casey S. Cathcart (Paralegal) | $285 per hour |
| Lisa M. Eden (Paralegal) | $285 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other

conditions.  Other attorneys and paralegals may from time to time serve the Future Claimants'

Representative in connection with the matters herein described.

14.     The hourly rates set forth above are Young Conaway's standard hourly

rates for work of this nature.  These rates are set at a level designed to fairly compensate Young

Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead

expenses.  It is Young Conaway's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case.  The expenses charged to clients include,

among other things, telephone and facsimile toll and other charges, mail and express mail

charges, special or hand delivery charges, document processing, photocopying charges, charges

for mailing supplies (including, without limitation, envelopes and labels) provided by the firm to

outside copying services for use in mass mailings, travel expenses, expenses for working meals,

computerized research, transcription costs, as well as non-ordinary overhead expenses such as

secretarial and other overtime.  Young Conaway will charge for these expenses in a manner and

at rates consistent with charges made generally to Young Conaway's other clients.  Young

Conaway believes that it is fairer to charge these expenses to the clients incurring them than to

increase the hourly rates and spread the expenses among all clients.

01:24057791.7

15.    Young Conaway understands that its fees and expenses in these Chapter 11 Cases will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals.

16.    As described in the FCR Appointment Motion, the Debtors provided to Young Conaway a retainer of $100,000 (subsequently increased to $200,000) to pay the pre-petition fees and expenses of the Future Claimants' Representative, Young Conaway, and his claims advisor, Ankura Consulting Group, LLC, incurred while conducting due diligence of the Debtors and their asbestos-related personal injury claims and engaging in negotiations towards a potential plan of reorganization.  After reconciling, the balance of the retainer remaining is $107,000 as of the Petition Date. Attached hereto as Exhibit B is a summary of the pre-petition invoices and payments.

17.    Young Conaway has informed the Future Claimants' Representative that, except as set forth in the Harron Declaration and other than Young Conaway's service as counsel to Mr. Patton in connection with his role as the pre-petition future claimants' representative and Mr. Patton's proposed role as the post-petition Future Claimants' Representative, Young Conaway represents no other entity in connection with these cases, and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATE

18.    As set forth in the FCR Appointment Motion, prior to the Petition Date, the Debtors engaged Mr. Patton to act as a pre-petition legal representative for future claimants for the purpose of representing the interests of Future Claimants in attempting to achieve a global

resolution of the Debtors' asbestos liabilities.  In connection with his pre-petition representation

of Future Claimants, Mr. Patton retained Young Conaway to act as his counsel.

19.     As counsel to the pre-petition future claimants' representative, Young

Conaway engaged in extensive due diligence with representatives of the Debtors and the ad hoc

committee of asbestos claimants, and spent considerable time negotiating the terms of a possible

plan of reorganization. In addition, Young Conaway assisted Mr. Patton in negotiations with the

ad hoc committee of asbestos claimants regarding the terms of a potential trust and related

distribution procedures for holders of current Claims and future Demands. Those efforts

culminated in an agreement among the pre-petition future claimants' representative, the Debtors,

and the ad hoc committee of asbestos claimants on the terms for a proposed plan of

reorganization for the Company, which were incorporated in the Plan. Following pre-petition

solicitation of votes on the Plan, the Plan was approved by 100% of the voting holders in Class 4

– the only impaired voting class under the Plan.

20.     Based on its pre-petition representation of Mr. Patton and the extensive

diligence performed by Young Conaway, Young Conaway is already familiar with the Debtors,

their corporate history, financial posture, asbestos liabilities, and the negotiations that led to the

Plan, as well as the terms of the Plan and the related trust agreement and trust distribution

procedures.  Mr. Patton's retention of Young Conaway as his counsel will serve the interests of

the Future Claimants and the Debtors' estates because the Future Claimants' Representative and

Young Conaway can utilize the knowledge and experience gained from the firm's pre-petition

service to efficiently represent and protect the interests of the Future Claimants. The retention of

a law firm other than Young Conaway as counsel to the Future Claimants' Representative would

be inefficient and require the Debtors' estates to incur additional costs as the law firm would

01:24057791.7

have to perform duplicative work to learn about and become familiar with, *inter alia*, the

Debtors, their corporate history, financial posture, asbestos liabilities, insurance settlements and

the terms of the Plan. Given that the prepackaged Plan has been unanimously accepted by the

voting holders of Class 4 claims – the only impaired class entitled to vote on the Plan – and that a

confirmation hearing on the Plan has been scheduled for March 18, 2019, such additional costs

would only serve to unnecessarily deplete the assets available to fund the Asbestos Personal

Injury Trust and delay these cases.

          21.     Since the Petition Date, the Future Claimants' Representative has

continued to, among other things, engage in discussions with the Debtors and other parties in

interest in connection with the Plan and the administration of these cases. Accordingly, the FCR

Appointment Motion seeks the appointment of the Future Claimants' Representative *nunc pro*

*tunc* to the Petition Date.  Because Young Conaway has assisted the Future Claimants'

Representative in his efforts since the Petition Date, the proposed Future Claimants'

Representative believes it appropriate that Young Conaway's retention be approved *nunc pro*

*tunc* to the Petition Date.

          22.     Young Conaway's bankruptcy and restructuring attorneys are, in the

Future Claimants' Representative's view, highly skilled.  Further, as noted above, Young

Conaway has already developed a detailed and substantial understanding of the Debtors and their

history, business, claims posture, and assets and liabilities, and of the Plan.  The Future

Claimants' Representative therefore believes that the retention of Young Conaway, effective as

of the Petition Date, is in the best interest of the Debtors, their estates and creditors, as well as in

the best interest of the Future Claimants.

01:24057791.7

## NOTICE

23.    Notice of this YCST Application will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) the firms listed on the Debtors' consolidated list of twenty-five (25) law firms representing the largest numbers of asbestos plaintiffs asserting claims against the Debtors; (iv) the creditors listed on the Debtors' consolidated list of creditors holding unsecured claims against the Debtors other than asbestos-related claims; (v) counsel to Meritor, Inc.; (vi) counsel to the prepetition asbestos claimants committee; (vii) the United States Attorney's Office for the District of Delaware; (viii) the United States Department of Justice; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Future Claimants' Representative submits that no other or further notice need be provided.

## NO PREVIOUS REQUEST

24.    No previous request for the relief sought in this YCST Application has been made to this or any other Court.

(Remainder of page intentionally left blank)

01:24057791.7

WHEREFORE, the Future Claimants' Representative requests entry of the

Proposed Order, authorizing him to employ and retain the firm of Young Conaway to represent

him in these Chapter 11 Cases effective as of the Petition Date, and granting such other and

further relief as is just and proper.

Dated: February 4, 2019                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                        */s/ Edwin J. Harron*
                                        Robert S. Brady (No. 2847)
                                        Edwin J. Harron (No. 3396)
                                        Sara Beth A.R. Kohut (No. 4137)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253
                                        Email: rbrady@ycst.com
                                                eharron@ycst.com
                                                skohut@ycst.com

                                        *Proposed Counsel to the Proposed*
                                        *Future Claimants' Representative*

01:24057791.7